## PRICE *vs.* THE BR. BANK AT DECATUR.

1. The declarations of a grantor, made whilst in possession of the property, but subsequently to the conveyance, are admissible against his grantee so far only as they are explanatory of the character of his possession: They cannot be received to impeach the *bona fides* of the deed.

2. If testimony, some portion of which is legal, is objected to as a whole, it is not error to overrule the objection.

3. This court cannot undertake to revise the decision of a primary court upon a question of fact, as to whether or not a parol admission was made by the counsel in the progress of the trial.

Error to the Circuit Court of Limestone. Tried before the Hon. Sam'l Chapman.

ROBINSON, for the plaintiff in error:

1. It is insisted that the court erred in admitting the proof of Murphey's declarations. In Bliss v. Winston, 1 Ala. 344, and in Oden v. Stubblefield, 4 Ala. 40, this court held that it was permissible to prove the declarations of a party in possession as to the title under which he held such possession, that is, whe-

ther he held in his own right or in right of another. This is an exception to the general rule that hearsay is not competent evidence, and by these decisions this exception is confined expressly to declarations as to the *title* under which he holds. For all other purposes, declarations as to any other matter or thing relative to the property are incompetent evidence. Now the declarations of Murphy that he got his supplies from the land are not declarations as to the title under which he holds; nor indeed was the proof offered for that purpose, but it was offered for the purpose of showing that the deed under which plaintiff claims was fraudulent. Being offered for this purpose, it was incompetent.

2. It is further insisted that the court should have permitted the plaintiff to prove the contract between the Bank and Blackwell. Blackwell was a beneficiary under the deed, had assented to the provisions of it in his own favor and that of the others. He had manifested a wish to sell the property. Blackwell was abundantly able to pay the debt due to the Bank, but finding that the property would not be sufficient to pay all the debts, he procured the Bank to levy an execution against him and Murphy for the debt secured in the deed of trust, and to sell the property and apply the whole proceeds to the payment of the debts upon which he was bound. The Bank, instead of making its money out of the other parties to the execution, lent its name to one of them to litigate the validity of a deed once approved by him. In thus permitting Blackwell to wield the power and influence of the State, with which it was clothed, and to appeal to the passions of a community fearing taxation for bank debts, it committed a grosser fraud than that charged upon Murphy. Therefore, I insist the court should have received the evidence.

3. The Bank justified. To do this it must not only show a regular execution, but a *valid and subsisting judgment.* It produced an execution, but showed no judgment. To supply this defect after the argument of the cause had commenced, it relied upon an alleged agreement of plaintiff's attorney admitting the existence of such a judgment, but produced no written evidence of it. The 14th rule requires such evidence to give validity to any such agreement, even where the agreement was admitted. This rule draws a distinction between admissions of record and

those not of record. By the first the client is bound; by the latter he is not, unless they are reduced to writing. But further than this, this agreement was alleged by one side and denied by the other. Under these facts the court had no power to declare whether there was a verbal agreement, and if so, what were its terms. If it had no such power, much less did it have the power to enforce it. Such admissions must be distinct and formal.— Starkie & Moon v. Kenan's Ex'rs, 11 Ala. 820.

L. P. WALKER, for the defendant.

DARGAN, C. J.—This was an action of trespass brought by the plaintiff against the defendant to recover damages for taking and selling the slaves and other goods described in the declaration, which the plaintiff claimed by virtue of a deed of trust executed by Thomas B. Murphy to him for the purpose of securing the debts named therein. The plaintiff proved the validity of the debts secured by the deed, and that B. A. Philpott, under the instructions of the defendant, took possession of and sold the property. · The defendant then proved that Murphy, the grantor in the deed, and one Halliday, as partners in farming, had in their possession a tract of land conveyed by the deed after its execution; and then offered to prove that whilst Murphy was in the possession of the land and after the maturity of the debts secured by the deed, he stated he got his pork from said place. The plaintiff objected to the evidence thus offered, but the objection was overruled. It is a well settled rule of law that the declarations of a vendor, made after the sale, cannot be received to defeat the title derived from him. In the case of Ellis v. Howard, 17 Verm. 330, it was said that the declarations of a vendor of personal property as to the character of the sale made by him are not evidence against the vendee in an action of trespass brought by the vendee against the creditors of the vendor who had attached the property. In the case of Ferreday v. Selser, 4 How. Miss. 506, the declarations of the vendor tending to impeach the title of his vendee, were rejected as illegal evidence. In the case of Julian v. Reynolds, 8 Ala. 680, this court held that the declarations of the donor, made subsequent to the deed of gift, are not admissible to defeat it. We presume that this principle of

law was not intended to be denied in overruling the objection, but that the court was influenced in admitting the evidence from the fact that it had been shown that Murphy was in the possession of the land conveyed by the deed of trust at the time the admission was made. But that fact was not sufficient to authorise its admission. The admissions of one in possession of property, explanatory of his possession, as that he holds in his own right or in right of another, is certainly competent evidence.—Oden v. Stubblefield, 4 Ala. 40; Garey v. Frost & Dickerson, 5 Ala. 636; McBryde & Wife v. Thompson, 8 ib. 650; Gary v. Terrell, 9 ib. 206. But these declarations or admissions are not to be received as evidence further than merely to show the character of the possession. In the case of McBryde & Wife v. Thompson, *supra*, it is said that the affirmation of one in possession, that he held in his own right or in the right of another, is proper evidence as part of the *res gestæ*, which *res gestæ* is the continuous possession, but beyond this they are no part of the subject matter or thing done, and cannot be received as evidence. While it is admissible to prove the statements of one in possession in explanation thereof, it is not admissible to show every thing that may have been said in regard to his title. In the case of Thompson v. Mawhinney & Smith, at the present term, we held that these admissions were to be confined to the mere fact of explaining the character of the possession, as that the party asserted a claim to the fee, or that he held for another, or that he had a life estate or other less interest; but they certainly cannot be received for any other purpose, neither to prove that the party had acquired the title fairly or that he had paid a full price for it, nor to show that the title he had transfered to another was either fraudulent or valid. Now the object of introducing the declarations of Murphy, that he received his *pork* from the place he had conveyed by the deed, was to impeach the deed for fraud. This he could not do after the execution of the deed. This declaration was not explanatory of his possession, that is, it did not show that Murphy claimed to hold the land in his own right or in the right of any one else, but its only effect was to impeach his own deed by which he had conveyed title to another. For this purpose it was illegal, and the court erred in admitting it.

2. It also appeared in evidence that the execution under

which the property was sold was founded on a bill of exchange owned by the bank, to which Murphy, the grantor, William H. Blackwell and Samuel Hatton were parties, and that this bill of exchange was one of the debts secured by the deed, but that Blackwell, who was intended to be protected by the deed, was anxious to have the property sold and had indemnified the bank against all damages that might be recovered in consequence of the levy and sale. This proof was offered by the defendant, to which the plaintiff objected, but his objection was overruled and the plaintiff excepted. We cannot from the record say that this was illegal evidence, for we are not informed why it was offered or why it was objected to. If the deed was valid and was intended to secure other creditors, it is certain that a portion of the creditors could not set it aside and thus appropriate the whole property to themselves; but if the deed was fraudulent, proof of the debt and levy of the execution was a proper mode by which to test its validity. The objection is to the whole of this testimony, and certainly some portion of it was admissible, if not all. The motion was therefore properly overruled. We will not dissect the various parts of the testimony and examine each part to see whether any of it would be illegal under any point of view. It is enough that we clearly see some of it was legal, and if any was illegal the party objecting should have pointed out the illegal part and shown the facts or circumstances that rendered it so. The court properly overruled this objection.

3. It further appears that after the testimony was closed the plaintiff's counsel assumed the position in his argument that the defendant had not shown that it was a judgment creditor, and consequently could not insist that the deed was fraudulent. The counsel for the defendant contended that it had been admitted that it was, and that the admission was made as evidence. This, as it appears, was denied by the counsel of the plaintiff. The court determined that the plaintiff's counsel had made the admission in the presence of the court during the progress of the trial, and therefore the admission was evidence. To this the plaintiff excepted. This is certainly a novel question to be assigned as error; but we can only say that when counsel differ in the court below as to the extent of parol admissions, or whether one was made, and the court decides that

an admission was made, we cannot say that the court was mistaken as to the fact, or that its decision was erroneous.

For the error we have pointed out, let the judgment be reversed and the cause remanded.

PARSONS, J., not sitting.