# ALA. & TENN. RIVERS RAILROAD CO. *vs.* KIDD.

[ACTION AGAINST RAILROAD COMPANY FOR FAILURE TO DELIVER FREIGHT.]

1. *Power of private corporation to appoint agent.*—A railroad company is a private corporation, and has power, independently of any provision in its charter, to appoint an agent in the construction of its road, or in the transportation of its freight.

2. *Mode of appointment.*—The appointment of an agent need not be evidenced by the written vote of the corporation or its officers, but may be inferred from their adoption of the agent's acts.

3. *Evidence tending to prove ratification of agency.*—In an action against a railroad company, to recover damages for its failure to deliver certain bales of cotton, the receipt for which was signed "R. B. S., R. R. agent, *per* J. R. B.", said B. testified, on behalf of the plaintiff, that he was appointed subagent of the company by said S.; that the president and superintendent of the road knew that he was acting as such agent, and made no objection;

that the officers of the road had frequently given him directions about the business ; and that freight had been delivered, on at least two occasions, on the production of his receipts, in similar form with the above. *Held,* that the evidence was admissible, as tending to prove a ratification of the agency.

4. *General objection to evidence.*—A general objection to evidence, of which a part is legal, may be overruled.

5. *Admissibility of custom to affect written contract.*—Evidence of a custom cannot be received to vary or contradict the express terms of a written contract, but is admissible to add new terms, as to which the writing is silent ; as where a railroad company gives a receipt for freight, "to be delivered to R. R. agent" at the terminus of the road, and the agent there deposits it in a warehouse not belonging to the company, evidence of its custom to deposit freight in that warehouse is admissible for the company, when sued for the loss of the cotton.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action was brought by John W. Kidd against the Alabama & Tennessee Rivers Railroad Co., to recover damages for its failure to deliver eight bales of cotton, which where shipped at Montevallo, to be transported to Selma ; and a count in trover was added. No pleas appear in the record. The bill of exceptions is as follows :—

"The plaintiff proved, by one Bates, that during the month of December, 1853, he was in the employment of defendant as keeper of their depot, or receiving house for said railroad, at Montevallo ; that, while so employed, he received plaintiff's cotton, and gave him a receipt for it, as follows : 'Received of J. W. Kidd eight bales of cotton, in good order, marked J. W. K., to be delivered, in like good order, to R. R. agent, Selma,' (signed) 'R. B. Sawyer, R. R. agent, *per* J. R. Bates.' Said witness testified, that he was employed by said Sawyer, who was the regular employee of said defendant, as agent at said depot ; that he had given many receipts for cotton, of the above character ; that Sullivan, the agent and superintendent of the company, knew of his acting as such sub-agent ; that cotton had been delivered to the owners, by the company or its agents at Selma, upon two receipts, within his recollection, in the above form ; that, acting as such agent, he had given many receipts, none of which had been disputed, within his knowledge, by the company or its agents ; that the president of the company knew that he was

acting in said capacity, without objecting so far as he knew; that the officers of the road had frequently given him orders and instructions in their business. The defendant objected to the introduction of the above proof; but the court overruled the objection, and permitted the same to go to the jury, as tending to show the authority of the said Bates; to which the defendant excepted."

" The defendant proved, that the cotton sued for was delivered and deposited, by the railroad agent at Selma, in a warehouse in Selma belonging to James Adams & Co., which they had previously leased from the defendant; and offered to prove, that defendant generally deposited at said warehouse freight transported by said road. The plaintiff objected to the evidence so offered, and the court sustained the objection; to which ruling, also, the defendant excepted."

These two rulings of the court are assigned as error.

WM. P. CHILTON, for the appellant.—1. The maxim of the law is, *delegatus non potest delegare.*—Broom's Legal Maxims, 384–5; 10 Adolph. & El. 576; 2 Scott's N. R. 509. Whatever exceptions there may be to this rule, the case at bar does not fall within any of them. The authority vested in Sawyer, as receiving and forwarding agent, was an important personal trust, involving great responsibility, and requiring the exercise of skill and judgment; and no case can be found, holding that such an agency may be delegated. It cannot be said that the company sanctioned the employment of Bates as sub-agent, for there is no evidence of this. The fact that the president and superintendent of the road knew of his acting in that capacity and made no objection, does not show a ratification by the company. They were themselves but mere agents, having no power to appoint an agent, much less to ratify an assumed agency; for an agent cannot do indirectly what the law does not authorize him to do directly.—Van Dyke v. The State, 24 Ala. 81; Spyker v. Spence, 8 Ala. 333. In Van Dyke's case, it could have made no difference in the result, if it had been shown that the governor, secretary of state and treasurer had all known that he received the public moneys, and yet made no objection; or that the treasurer had, from time to time, received such moneys from him;

or that his receipts had been recognized by public officers. There is no difference, in principle, between that case and this.

2. The receipt showed, on its face, that the cotton was to be delivered to the railroad agent at Selma. It was an implied stipulation of the contract, that the cotton should be kept according to the general usage of the road, of which the shipper is presumed to be cognizant. The court erred, therefore, in excluding the evidence which was offered for the purpose of showing this usage.—Insurance Co. v. McMillan, 27 Ala. 77 ; Sampson v. Gazzam, 6 Porter, 123 ; Ezell v. English, ib. 311 ; 3 Stew. & P. 136.

S. R. BLAKE, contra.—1. The first assignment of error is not well taken. The objection to the evidence was general, and was properly overruled if any portion of the evidence was admissible.—Donnell v. Jones, 13 Ala. 505 ; Borland v. Walker, 7 Ala. 273 ; Hatchett v. Gibson, 13 Ala. 597 ; Melton v. Troutman, 15 Ala. 535 ; Allen v. Smith, 22 Ala. 416 ; Newton v. Jackson, 23 Ala. 335 ; Hiscox v. Hendree, 27 Ala. 221. The witness having testified that he was in the employment of the company, and that he had given the receipt for the plaintiff's cotton, it was proper that he should show how he was appointed, and under what authority he was acting ; and for this purpose his evidence was admitted. Such an agency may be implied from the adoption or recognition of the acts of the agent, by the company, or by its functionaries.—Story on Agency, § 52 ; U. S. Bank v. Dandridge, 12 Wheaton, 64 ; Yarborough v. Bank of England, 16 East, 6 ; 2 Kent's Com. 288, 291 ; 14 Peters, 19 ; 8 Mass. 299 ; 12 Johns. 227 ; 12 Wheaton, 40 ; 8 ib. 338. It is admitted that, as a general rule, an agent cannot delegate his agency ; but, where the agent delegates his power under legal necessity, in the use of business, or with the understanding of the principal that his business might or could be so transacted, the law will uphold it.—Story on Agency, § 14 ; Johnson v. Cunningham, 1 Ala. 258 ; 9 Vesey, 234. The receipt itself shows that Bates performed a purely mechanical or clerical duty, which has never been considered a delegation of trust powers.—2 Cox, 84; 1 Hill's (N. Y.) R. 505.

2. It is admitted that evidence of a custom may be received,

to annex an incident to a written contract, as to which the writing is silent ; and this is upon the presumption that the parties contracted in reference to the custom.—Douglass, 201; 1 Mees. & W. 474 ; 1 Smith's L. C. 410. But the rule has attached to every custom certain qualities and attributes, which must be made known to the court before it can be received in evidence; and no proof was offered to the court to show that the supposed custom had any of these requisites. Besides, the custom, if proved, would contradict the terms of the receipt ; and it was therefore properly excluded.— 1 Smith's L. C. 513 ; 2 Mees. & W. 442.

STONE, J.—1. The appellant is a private corporation, (Angell & Ames on Corporations, 23-4); and as the pleadings do not bring before us the act of incorporation, the question arises, had the company authority to appoint an agent? Corporations are clothed with power to do all acts that are necessary and proper to carry into effect the purposes of their creation.—Angell & Ames on Corporations, 200, and authorities cited. The name of this corporation imports that it was created to construct a railroad, or use such road in transportation. Agents are necessary to the accomplishment of either object.

2. The doctrine is now well settled, at least in the United States, that the appointment of an agent by a corporation, need not be evidenced by the written vote of its functionaries; but that it may be inferred from the adoption of the acts of the agent by such functionaries, or by the corporation.— Story on Agency, § 52 ; U. S. Bank v. Dandridge, 12 Wheat. 64 ; Yarbrough v. Governor & Co. of Bank of England, 16 East, 6.

3-4. It is contended for the appellant, that the receipt for the cotton, copied in the record, shows on its face that Bates was but the agent of Sawyer, himself an agent. The receipt, in this connection, shows nothing more than that it was written by Bates. For aught that appears on the paper, Sawyer may have been present and acting, while Bates was simply his amanuensis. The testimony of Bates proves that he received his appointment from Sawyer. He also proved several other facts—viz., that he, as the agent of the railroad,

received plaintiff's cotton ; that he gave the receipt ; that both the superintendent and the president of the company knew of his (Bates') acts in the character of agent, and made no objection ; that he, the witness, knew of at least two instances, in which the railroad officials had delivered freight on the production of witness' receipts ; and that the board had frequently given directions in their business to witness. To this entire evidence, there was a general objection. The objection was rightly overruled, because some of the evidence was clearly legal. Indeed, we can perceive no valid objection to any portion of this evidence. It tended to prove ratification of the agency, and to that end was admissible.— Price v. Br. Bank at Decatur, 17 Ala. 374 ; West v. Kelly, 19 Ala. 353 ; Murrrah v. Br. Bank at Decatur, 20 Ala. 392; Loughridge v. Thompson, *ib.* 828 ; Abney v. Kingsland, 10 Ala. 355 ; Brazier v. Burt, 18 Ala. 201.

5. It is contended for the appellee, that where the written contract of the parties *expresses* its terms, custom, or usage, no matter how well established, will not be permitted to vary, contradict, or control such written contract. This seems to be the law.—Price v. White, 9 Ala. 565 ; Kendall v. Russell, 5 Dana, 501 ; Schooner Reeside v. Stanley, 2 Sumner, 567 ; Foye v. Singleton, 2 Foster, 71. The distinction in such cases is this : While custom cannot contradict a stipulation in the writing, it may add new terms not expressed in, or covered by the writing. It is also contended that the testimony offered to prove that the freight transported by the road was generally deposited in the warehouse of Adams & Co., at Selma, tended to contradict the express terms of the written contract. We cannot assent to this construction. It did not tend to relieve the railroad from its contract to deliver the cotton to its agent at Selma. On the contrary, as we understand the bill of exceptions, it was conceded that the cotton was delivered to the agent ; and the railroad proposed to prove the custom, and under it justify the deposit of the cotton in the warehouse of Adams & Co., as a means of preserving the cotton after its delivery to the agent. This, then, could not relieve the railroad from observing its written contract to deliver to the agent; but, if the custom existed, and was proved according to the rules governing in questions

of custom or usage of trade, it might relieve the road from the liability which would otherwise rest on it, for the loss of the cotton in the hands of its agent.

The testimony in this case may have been very weak: it may have been wholly insufficient, without other proof; still, it was testimony bearing on the question, and it was the right of the party to have it passed on by the jury.—Gibson v. Culver, 17 Wend. 305.

On the point, what is a good custom or usage, see Price v. White, *supra;* and Partridge v. Forsyth, at the present term. If the plaintiff should think the proof insufficient to establish a valid custom or usage, he has ample means of protecting his interests, in his right to ask appropriate charges.

The court erred in rejecting the evidence offered by the defendant; and for that error, the judgment of the circuit court is reversed, and the cause remanded.