CATHERINE D. FITCH

*vs.*

LEWISTON STEAM MILL COMPANY and others.

Androscoggin.   Opinion January 9, 1888.

</div>

*Deed.   Acknowledgment.   Corporation.   Agent.*

As between the parties a deed is valid though not acknowledged.

A mortgage deed was executed purporting to be in behalf of the corporation by its treasurer duly authorized.   The certificate of acknowledgment stated that the treasurer personally appeared and acknowledged the instrument to be "his free act and deed.".   *Held,* That the deed, in every other respect complete and formal, was not vitiated by this informality in the certificate of acknowledgment.

At common law corporations have the power to sell and convey their property. as they think proper.

This power to sell and convey their property and to borrow money, and make contracts, implies the power to mortgage their property, real and personal, to secure the payment of their debts.

This right may be limited by statute, or by the acts under which they are organized.

In matters where the acts of the agent of a corporation in the transfer of personal property require no formal instrument under seal, it is not necessary that the authority should be given by formal vote.

Such authority may be inferred from the conduct of its officers, or from their knowledge and neglect to make objections, as in the case of individuals.

An agent of a corporation may be appointed without the use of a seal, whatever may be the purpose of the agency.

ON report.

An action on a mortgage by the executrix of the will of Jonas Fitch.

The point is stated in the opinion.

*Charles P. Mattocks and D. J. McGillicuddy*, for plaintiff.

*Savage and Oakes*, for defendants.

Primarily the power to mortgage real estate of a corporation resides in the corporation alone. Jones on Mortgages, § 127.

We think that the statement in the text of Jones on Mortgages, p. 99, that " the directors of a corporation, in the absence of any restriction by charter or by-law, may, in behalf of the corporation, mortgage its property to any debts they are authorized to incur, without express authority," is supported by the decisions cited. But the power to sell real estate does not confer the power to mortgage. " The power should expressly declare the intention that the agent should have the authority to mortgage the property." Jones on Mortgages, § 129, and cases cited.

The law is well stated in a recent Massachusetts case, *Murray* v. *Lumber Co*. 3 New England Reporter, 420. " It is the well settled rule that a ratification by a principal of the unauthorized acts of an agent, in order to be effectual, must be made with a knowledge on the part of the principal, of all the material facts, and the burden is upon the party who relies upon a ratification to prove that the principal having such knowledge, acquiesced in and adopted the acts of the agent. It is not enough for him to show that the principal might have known the facts by the use of diligence." See also *Combs* v. *Scott*, 12 Allen, 493.

One of the directors, without any vote or action, either of the board of directors or of the corporation, mortgages in the name of the corporation, to another director, Fitch, the entire mill property and machinery, " the property which was used in carrying on our business," to secure a pre-existing debt, and thereby gain a preference over the other creditors of the corporation, and Fitch's estate is now in court seeking to maintain this security by suit not only against the corporation, but against Savage and Packard, to whom the property was subsequently conveyed in trust for the benefit of creditors.

The bare statement of the facts is itself an argument. Morawetz, § § 516, 517, 518, and the numerous cased cited

thereunder; 97 U. S. Rep. 13; 4 Howard, 552; 2 Black. 715; Angell and Ames, § 312.

FOSTER, J. The only question to be determined is whether the plaintiff is entitled to prevail in this action, which is a writ of entry upon a mortgage alleged to have been given to Jonas Fitch, plaintiff's testatrix, by the defendant corporation.

Two objections are interposed. *First*, that the mortgage is defective in form. *Second*, that it was given without the authority of the corporation.

1. The defect relied upon relates wholly to the acknowledgment of the instrument. The mortgage itself is free from any objection in form. It purports to be executed as the deed of the corporation by its treasurer duly authorized. It names the corporation as the party making it. Upon its face it is the contract of the defendant corporation. But it is contended by the counsel for the defence, that the acknowledgment is not for or in behalf of the corporation, but is the acknowledgment of the treasurer in his individual capacity. By the certificate of the magistrate, it appears that "James Wood, Treasurer," personally appeared " and acknowledged the above instrument to be his free act and deed."

It needs no discussion to show that the mortgage, in every other respect complete and formal, is not vitiated by this informality in the certificate of acknowledgment. As between the parties, a deed is valid though not acknowledged. It will pass the title to the estate in such case, as against the grantor and his heirs. *Lawry* v. *Williams*, 13 Maine, 281; *Buck* v. *Babcock*, 36 Maine, 493; *Poor* v. *Larrabee*, 58 Maine, 559.

Such an acknowledgment as this, however, has been sustained by other courts. Thus in *Tenney* v. *Lumber Co.* 43 N. H. 343, the same objection was raised as in the present case, and the court there held that the acknowledgment was sufficient, and that " this objection has no reasonable foundation."

2. That it was given without authority of the corporation.

The equities in this case are by no means in favor of the defendant corporation. The mortgage was executed in behalf of

the corporation by one who was and for a long time had been its treasurer and general business manager. The money obtained upon this mortgage, $13,551.76, was received and retained by the corporation. It is in evidence that the treasurer and general manager of this concern had been in the habit of deeding and conveying land with the corporation's name, for corporation purposes, and for the corporation's benefit, and that this was one of those transactions. It appears also that at the time of this conveyance the treasurer exhibited a vote of the corporation to Fitch, the mortgagee, and informed him that he had authority, by virtue of such vote, passed at the organization of the company, to execute this mortgage as security for the money obtained from him. That vote is as follows: "Voted, that the treasurer be hereby authorized and empowered to make, sell, execute and deliver, in the name of the company, any and all conveyances of land by deed or bond or otherwise, and all the papers of the company not otherwise provided for in the by-laws."

The corporation has retained the money thus obtained, paying interest thereon to the mortgagee from year to year with checks drawn by the treasurer of the corporation upon its funds.

There is no good reason why this mortgage should not be upheld, if it can be done consistently with the rules of law.

Let us pass then, for a moment, to the consideration of these rules, so far as may be proper in their application to this case.

It is a well settled principle applicable to corporations that they have the power to sell their property, real and personal, and to mortgage it for the security of their debts. This is incident to the power of acquiring and holding it. *Pierce* v. *Emery*, 32 N. H. 503; Jones on Mort. § 124; Angell and Ames, Corp. § 107; *Richards* v. *Railroad*, 44 N. H. 135. This is a right existing by common law, but of course may be limited by statute, or by the acts under which they are organized. No charter or by-law has been introduced limiting the general power of this corporation.

This power, unlike that applicable to natural persons, is in general executed only through some agent of the corporation,

and whose authority is derived in some manner therefrom,—or, if not authorized, whose acts may be subsequently ratified by the corporation.

And in matters where the acts of the agent of a corporation in the transfer of personal property require no formal instrument under seal, as in the sale or mortgage of personal property, it is not necessary that the authority should be given by a formal vote. In this state, as well as many others, it is held that the same presumptions are applicable to corporations, as to individuals; and that a deed, vote, or by-law, is not necessary to establish a contract, promise, or agency. *Maine Stage Co.* v. *Longley*, 14 Maine, 449; *Trundy* v. *Farrar*, 32 Maine, 228. "Authority in the agent of a corporation may be inferred from the conduct of its officers, or from their knowledge and neglect to make objection, as well as in the case of individuals." *Sherman* v. *Fitch*, 98 Mass. 64; *Badger* v. *Bank of Cumberland*, 26 Maine, 428, 435; *Goodwin* v. *The Union Screw Co.* 34 N. H. 378; Story, Agency, § 52.

It is a general rule of law applicable to natural persons that whenever the act of agency is required to be done in the name of the principal under seal, the authority to do the act must be conferred by an instrument under seal.

Such was formerly the doctrine in regard to the authority of agents of corporations. But in modern times this ancient rule has been wholly discarded, in this country, and it is now well settled that an agent of a corporation may be appointed—certainly by vote—without the use of a seal, whatever may be the purpose of the agency. *Bank of Columbia* v. *Patterson*, 7 Cranch, 299; *Fleckner* v. *The Bank of the United States*, 8 Wheat. 338; *Despatch Line Co.* v. *Bellamy M'f'g Co.* 12 N. H. 231; Angell and Ames Corp. § § 282, 283.

The contention, therefore, that the mortgage in question was given without authority, comes with ill grace from the defendants, and under the circumstances must be deemed untenable.

Here was the express authority of the corporation created and existing by vote duly recorded, authorizing and empowering its treasurer to make, sell, execute and deliver, in the name of the

corporation, any and all conveyances of land by deed, bond, or otherwise. This authority was broad enough to embrace the transaction in relation to this mortgage. The treasurer, not only in this case, but on other occasions, had acted in like manner, relying on the authority conferred by this vote. The party who advanced the money and received the mortgage was led to believe that the treasurer was acting under that authority. This is not denied.

Consequently, after enjoying the benefit of the loan, and acquiescing in the transaction for more than eight years, it does not lie in the mouth of the defendant corporation to say that the mortgage is inoperative and void. *Aurora Society* v. *Paddock*, 80 Ill. 263.

*Judgment for plaintiff.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.