# City Council of Sheffield v. Harris.

*Action for Damages against a Municipal Corporation by an Employé for Personal Injuries.*

1. *Action under sub-section 2 of section 2590 of the Code; sufficiency of complaint.*—In an action against a municipal corporation by a laborer employed by it, to recover damages for personal injuries, a count of the complaint which alleges that the defendant, through its agents and employés, intrusted with the superintendence of the work of digging gravel, buried a dynamite cartridge where said gravel was being dug, and that the·plaintiff, being employed by defendant, was required to work at the place where the dynamite was buried, without

[City Council of Sheffield v. Harris.]

being told that it was there, and that while digging as directed, not knowing the dynamite was buried at such place, struck said cartridge causing it to explode and inflicting upon him serious personal injuries, sets forth a good cause of action under sub-section 2 of section 2590 of the Code, which gives a right of action to an employé "When the injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has any superintendence intrusted to him, whilst in the exercise of such superintendence."

2. *Municipal corporation bound by acts of its agent or employé; when estopped from denying the legality of his appointment.*—Where one has served a municipal corporation in the capacity of superintendent of certain work carried on by said city, and the municipal author·ities have accepted such service and received the benefit of his skill and labor, the municipal corporation can not avoid its responsibility for injuries resulting from his negligence in the doing of work within the scope of the service he was rendering, by denying the legality of his appointment.

3. *Action under sub-section 2 of section 2590 of the Code; erroneous charge to the jury.*—In an action against a municipal corporation by one of its employés, under sub-section 2 of section 2590 of the Code, to recover damages for personal injuries, alleged to have been caused by the negligence of the agent or employé of the defendant intrusted with the superintendence of the work at which the plaintiff was engaged, while in the exercise of such superintendence, in allowing a dynamite cartridge to be left at the place where the plaintiff was required to work, it is error to instruct the jury that, "If the dynamite causing the plaintiff's injury was carelessly and negligently left buried by the defendant, or its servants or agents in the discharge of their duty, before the plaintiff was employed by the defendant, and the plaintiff could not by the use of ordinary care and diligence, or precaution, have discovered the danger, then, I charge you, that the defendant is liable in this action, and your verdict should be for the plaintiff for such amount as you believe from the evidence he was damaged, not exceeding $8,000"—the amount sued for.

APPEAL from the Circuit Court of Colbert.

Tried before the HON. H. C. SPEAKE.

The action in this case was brought by the appellee, Joe Harris, against the City Council of Sheffield, to recover damages for personal injuries sustained by the plaintiff, alleged to have been caused by the negligence of defendant's officers, agents or servants; and was commenced on April 14, 1890. The averments of the third count of the complaint, upon which the cause was tried, are set forth in the opinion. The defendant demurred to this count of the complaint upon the follow-

ing grounds : ''1st. It is in and by said complaint shown that the dynamite cartridge was buried by a fellow-servant, and that the place where it was buried was hidden. 2d. Said complaint fails to show that it was the duty of defendant to remove said dynamite cartridge. 3d. Said complaint fails to show that plaintiff, who was an employé, was acting under the instructions of any person in the service or employment of the defendant who had any superintendence intrusted to him, while in the exercise of such superintendence.'' This demurrer was overruled. The other facts pertaining to the questions considered and decided by the court are sufficiently stated in the opinion.

There was judgment for the plaintiff, assessing his damages at one thousand dollars. Defendant appeals, and assigns as error the rulings of the court upon the pleadings, the giving the several charges requested by the plaintiff, and the refusal to give the several charges asked by the defendant.

Jo. H. NATHAN, for appellant.—The rule, as laid down by a long line of decisions in this State, may be stated to be, that the master is not liable to an employé who is injured through the negligence of any other employé, engaged in the same general employment, unless the master failed to exercise ordinary care and diligence in the selection of his employés.—*Cook v. Parham*, 24 Ala. 21; *M. & O. R. R. Co. v. Thomas*, 42 Ala. 672; *M. & M. R. R. Co. v. Smith*, 59 Ala. 245; *Tyson v. S. & N. R. R. Co.*, 61 Ala. 554; *Smoot v. M. & M. R. R. Co.*, 67 Ala. 13. If employés in the employment of the master are engaged in the same general business and performing duties and services for the same general purpose, they are fellow servants within the meaning of this rule, and the master is not liable.—Mechem on Agency, § 668 ; *Laning v. N. Y. C. R. R. Co.*, 49 N. Y. 521; *Lawler v. Androscoggin R. R. Co.*, 62 Me. 463; *Blake v. Maine Cen. R. R. Co.*, 70 Me. 60; *McDermitt v. City of Boston*, 133 Mass. 349; *Flynn v. City of Salem*, 13⊦ Mass. 351. The charges requested by the defendant should have been given.—*M. & O. R. R. Co. v. Thomas*, 42 Ala. 672; *M. & M. R. R. Co. v. Smith*, 59 Ala. 275 ; *Bull v. M. & M. R. R. Co.*, 67 Ala. 208 ; *Tyson v. S. & N. R. R. Co.*, 61 Ala. 554.

KIRK & ALMON, *contra*.—The general rule of law is

[City Council of Sheffield v. Harris.]

that the superior or employer must answer civilly for the want of skill or negligence of his agent or servant by which another is injured. Municipal corporations fall within the operation of this rule of law, and are liable for damages when the requisite elements of liability exist.—Dillon on Munic. Corp., §§ 968, 977–78; *Campbell v. City of Montgomery*, 53 Ala. 530; *City Eufaula v. Mc-Nab*, 67 Ala. 591; *City Council of Montgomery v. Wright*, 72 Ala. 411. A master is liable for the negligence of his superintendent in failing to exercise due care. When an employé is by the master or employer put in charge of certain work as superintendent he takes the place of the master, and his acts are the acts of the master, and such superintendent is not a fellow servant or co-employé of the other laborers or employés.—*Walker v. Bolling*, 22 Ala. 294; *Tyson v. S. & N. R. R. Co.*, 61 Ala. 554; *Wilson v. W. L. Co.*, 50 Conn. 221; Wood's Master & Servant, 862–67. The third charge requested by the plaintiff was properly given.—*Heckman v. Mackey*, 35 Fed. Rep. 353.

STONE, C. J.—The present case was in fact tried on the third, or amended count. It avers that plaintiff, Harris, an employé, was injured April 16, 1889, while digging gravel for defendant corporation; ''that prior to said date the defendant (city of Sheffield), through its agents and employés entrusted with the superintendence of said work, buried a dynamite cartridge at the place where said gravel was being dug, and left it there unexploded, without giving notice or warning to any one that it was so buried, knowing it was dangerous to leave it in that hidden place unexploded, and that it was endangering the lives of persons who might be engaged in digging gravel. Yet the defendant, its agents or employés, as above stated, carelessly and recklessly, and without having any regard for the safety of persons digging gravel at that place, left said dynamite so buried, without giving any sign or warning of danger, and suffered it so to remain. And on the 16th day of April, 1889, plaintiff was employed by defendant to work on said streets and avenues, and was required to dig gravel for that purpose, and instructed to dig where defendant had hid and buried said dynamite, and plaintiff, not knowing that dynamite was buried at said place, began

digging gravel, and without seeing said dynamite car-
tridge, or knowing it was there, struck it while digging
gravel, and caused it to explode,'' &c. The plaintiff
then sets out very serious personal injuries inflicted on
him by the explosion.

This count clearly sets forth a good cause of action
under sub-section 2 of section 2590 of the Code, and the
demurrer to it was rightly overruled. We will not con-
sider the sufficiency of the other counts. Even if the
court erred in overruling the demurrers to them—a con-
cession we must not be understood as making, or intend-
ing to make—it would be at most error without injury.

Plaintiff received his injury while digging in a bank
of gravel, which was being used in filling up or coating
the streets of Sheffield. No question is raised as to the
service he was employed in. He was working
for the city, being hired for the purpose. Nor is there
proof of any negligence on his part, which led to the ex-
plosion and to the injury. There was no attempt to
show that plaintiff was notified that an imperfectly ex-
ploded cartridge of dynamite had been left buried in the
bank where he was put to work. He had not been in
the employ of the city when, three days before, as is
claimed, the cartridge was placed there, and attempted
to be exploded. There is conflict in the tes-
timony as to when or how the cartridge
was was placed there, and whether the
city's authorities or employés had anything to do
with it. The testimony for defense denies all participa-
tion in the placing of the cartridge, or knowledge that it
was there. If Howard's testimony be true, it would
seem the dynamite must have been there before the city
commenced working at that place under his superinten-
dency. There is no pretense, however, that plaintiff
was notified of its being there, or that he received any
warning, or caution in regard to it. So, no fault is
chargeable to the plaintiff.

The testimony shows that Howard was in superinten-
dence of the plaintiff and the other laborers, who were en-
gaged in digging the gravel. This is not denied; but it
is contended that he, Howard, was not elected or ap-
pointed to that superintendency in the mode prescribed
by law, and that, consequently, any injury caused by
his negligence while serving, or assuming to serve the

city, can not fasten a charge upon the municipality. There is nothing in this objection. If he served the city in the capacity of superintendent of this work, and the city authorities acquiesced in such service and took the benefit of his skill and labor, the city will not be heard to deny the legality of his appointment, nor its responsibility for acts done by him within the scope of the service he was rendering. So far as the question affects its liability, he must be treated as if he were duly and legally appointed, until the city itself renounces and repudiates his acts. It can not appropriate the benefit and repudiate the burden.—*Ala. & Tenn. Rivers R. R. Co. v. Kidd*, 29 Ala. 221 ; *Talladega Ins Co. v. Peacock*, 67 Ala. 253 ; *Ala. Gr. So. R. R. Co. v. Hill*, 76 Ala. 303 ; *Reynolds v. Collins*, 78 Ala. 94 ; *Ala. Gr. So. R. R. Co. v. S. & N. R. R. Co.*, 84 Ala. 570, 3 So. Rep. 286.

As we have said, there was conflict in the testimony as to the placing of the dynamite cartridge which caused the injury. Plaintiff's witnesses testified that, on the Saturday last preceding the explosion on Tuesday, caused by plaintiff's pick, Howard himself, superintended and directed the blast at the place where the plaintiff received his injury. Howard testified that he had done no work at that spot until the morning of the explosion and disaster, and that he had made no blast there. This left a conflict as to how, or at whose hands the dynamite cartridge had been placed. The court, at the instance of plaintiff, gave charge No 3, as follows : "If the dynamite causing the plaintiff's injury, was carelessly and negligently left buried by the defendant, or its servants or agents in the discharge of their duty, before the plaintiff was employed by the defendant, and the plaintiff could not by the use of ordinary care and diligence, or precaution, have discovered the danger, then I charge you, that the defendant is liable in this action, and your verdict should be for the plaintiff for such amount as you believe from the evidence he was damaged, not exceeding $8,000." (The complainant claims $8,000 damages.) To this charge the defendant excepted.

It will be observed that the hypothesis of this charge is, that the dynamite had been "carelessly and negligently left buried by the defendant, or its servants or agents in the discharge of their duty." To be actionable under that part of the statute which controls this

case—Code, § 2590, sub-section 2—the injury must be caused by the negligence of some person in the service or employment of the master or employer, "who has superintendence entrusted to him, while in the exercise of such superintendence." To hold the master or employer liable under this provision, the negligence must be that of some agent or employé, who is in the exercise of superintendence, and to whose negligence in such exercise the disaster is traced. To hold otherwise would be to fasten liability on the principal to the employé for that which is at most the negligence of a fellow servant, having no greater power or authority than the servant who complains of the injury. This the statute does not authorize.—*Cook v. Parham*, 24 Ala. 21 ; *M. & M. Ry. Co. v. Smith*, 59 Ala. 245 ; *Smoot v. M. & M. Ry. Co.*, 67 Ala. 13 ; *Holland v. Tenn. C. I & R. R. Co.*, 91 Ala. 444 ; 8 So. Rep. 524 ; *Ga. Pac. R. R. Co. v. Davis*, 92 Ala. 300, 9 So. Rep. 252.

The principles declared in *Campbell v. City Council*, 53 Ala. 530 ; *City of Eufaula v. McNab*, 67 Ala. 588 ; *City of Montgomery v. Wright*, 72 Ala. 411, and 2 Dil. Mun. Corp., (4th Ed.), §§ 968 *et seq* , relate to the duties and functions, properly so called, which municipal corporations owe to the public, and must perform for its well being. They are entirely unlike those presented by this record. This case presents only the relation of the employer and employé, and must be determined on the principles which pertain to that relation.

Recurring to the first and second counts of the complaint, it may not be improper to remark that the record contains no testimony that Howard was incompetent for duties assigned him, nor that the city authorities had notice or knowledge that the dynamite cartridge was buried or imbedded in the gravel bank, at which plaintiff was put to labor.

For the single error pointed out above, the judgment of the circuit court must be reversed.

Reversed and remanded.