# Alabama Fidelity & Casualty Co. *v.* Jefferson County Savings Bank.

### Petition to Vacate Judgment.

(Decided November 16, 1916.   Rehearing denied January 18, 1917.
73 South. 918.)

1. **Corporations; Contracts; Seal; Necessity.**—While it was formerly supposed that a corporation could not enter into a contract except under the corporate seal, the rule now is that the corporate seal need not be attached to a corporation contract unless it be such a contract as would require a seal if executed by an individual.

2. **Same; Authority to Make.**—The rule that in delegating to another the authority to execute instrument an individual must do so by an instrument of similar importance and dignity to the instrument to be executed does not necessarily apply to a corporation, as the corporation may confer the authority by appointment or vote without the use of a seal.

3. **Same; Validity.**—As the delegation of authority by a corporation to its agent to issue or execute a bond need not necessarily be by a sealed writing, so a ratification of the agent's act in signing the bond need not be by a sealed writing.

4. **Same; Ratification; Evidence.**—The evidence examined and held to show that the corporation ratified the act of its agent in signing the bond so as to render the corporation liable to the obligee.

5. **Same; Estoppel.**—A corporation accepting the benefit of a contract made by an officer without authority is estopped to deny the authority of such agent or officer, if the contract is within the charter powers of the corporation.

6. **Same.**—While the acceptance of the consideration of an unauthorized contract, without knowledge of its terms, or of the account upon which it is predicated, is not itself a ratification of the contract, yet, where the corporation has full notice of a bond issued by its agent and received the premium and retained it for two months, there was sufficient proof of ratification.

7. **Appeal and Error; Harmless Error; Evidence.**—Where the corporation is liable because of a ratification rather than original authorization of a contract, any rulings on evidence relating to an original authority were harmless, if error.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Petition by the Alabama Fidelity & Casualty Company against the Jefferson County Savings Bank to vacate a judgment. From an order denying relief, petitioner appeals.   Affirmed.

. The petition alleges:   That judgment was rendered in the Jefferson circuit court on March 4, 1913, in a cause against

petitioner as surety upon a paper purporting to be a bond of the
Alabama Insurance Agency, made and filed with the clerk of
this court in the penalty of $4,000, payable to plaintiff, with
condition to pay the amount for which Jemison-Seibels Insurance
Agency might be found indebted or liable to defendant, the Ala-
bama Insurance Agency, and the cost of the garnishment, and
that the court ascertained that said Jemison-Seibels Insurance
Agency was indebted to the Alabama Insurance Agency in the
sum of $2,800, as shown by its answer, and further found that
the debt or demand was liable to the satisfaction of the judg-
ment obtained by the Jefferson County Savings Bank against
the Alabama Insurance Agency, and thereupon adjudged peti-
tioner liable in the sum of $2,731, and the further sum of the
costs.   Petitioner shows that the instrument upon which the
judgment was rendered, purporting to be a bond, and purporting
to be signed by your petitioner, was not in fact signed by your
petitioner, or by any one authorized to execute the same, and
that it never became surety for any bond, or other obligation for
the Alabama Insurance Agency, and that no such relation as
that of principal and surety existed between the Alabama Insur-
ance Agency and your petitioner.   That the paper was executed
in the name of the petitioner by one De Bow, who is without
authority whatever to sign the name of your petitioner as surety
upon the same, or in any way to bind your petitioner thereunder.
That the act of said De Bow in affixing the name of your peti-
tioner upon said paper was wholly without authority, and that
the execution of said paper by him in the name of your peti-
tioner was not the act of your petitioner or the act of an agent
of your petitioner, authorized to sign its name to the paper and
to bind petitioner thereunder.   Evidence was offered of a power
of attorney executed on January 18, 1912, by the petitioner by
its president and secretary empowering A. T. De Bow and Joel
F. Webb to execute bonds for and in the name of the Alabama
Fidelity & Casualty Company, which power of attorney is set
out.   There also appear resolutions passed by petitioner author-
izing the appointment of president and vice-president, resident
assistant secretaries and attorneys in fact, to represent and act
for petitioner, and to remove them.   It is further shown that on
January 18, 1912, the power of attorney to Webb and De Bow
was revoked.   This seems to have been recorded in Jefferson
county.   The assignments of error involve the overruling of

objections to questions as follows: Addressed to De Bow by respondent—"Did you, or not, pay them the premium charged for the execution of this particular bond?" the question being answered in the affirmative. Also: "In what way were bonds executed by you in behalf of the Alabama Fidelity & Casualty Company, prior to October 23, 1912." Also: "How many bonds were executed by you in behalf of the Alabama Fidelity & Casualty Company subsequent to September 30, 1912?" "How many bonds were executed?" etc. And questions seeking to ascertain if witness had any notice of the intention of the Alabama Fidelity & Casualty Company to annul his power of attorney, or to cancel the contract prior to the time of writing the bond, and other questions of similar import.

JOHN R. TYSON, for appellant. CABINISS & BOWIE and W. T. HILL, for appellee.

ANDERSON, C. J.— (1, 2) It was formerly supposed that a corporation could not enter into a contract except by attaching the corporate seal to the contract itself, but the modern rule is that the corporate seal need not be attached to a corporate contract unless a similar contract, when made by an individual, would require a seal.—3 Cook on Corporations, § 722. This rule applies to the method of executing the contract; that is, if the contract must be under seal, it must have the seal of the corporation attached in the execution of same, but does not necessarily mean that the officer or agent of the corporation, who executes the contract, can only derive his right or authority to do so under a sealed instrument, and in this respect there seems to be a distinction between the method of delegating authority to an agent between an individual and a corporation. An individual in delegating to another the authority to execute instruments must do so by an instrument of similar importance and dignity as characterized the instrument to be executed, but not necessarily so with a corporation.

"It is a general rule of law applicable to natural persons that whenever the act of agency is required to be done in the name of the principal under seal, the authority to do the act must be conferred by an instrument under seal. Such was formerly the doctrine in regard to the authority of agents of corporations. But in modern times this ancient rule has been wholly discarded, in this country, and it is now well settled that an agent of a cor-

poration may be appointed—certainly by vote—without the use of a seal, whatever may be the purpose of the agency."—*Fitch v. Lewiston, etc., Co.*, 80 Me. 34, 12 Atl. 732; *Bank v. Patterson,* 7 Cranch, 299, 3 L. Ed. 351; *Fleckner v. Bank*, 8 Wheat. 338, 5 L. Ed. 631; *Despatch Line Co. v. Mfg. Co.*, 12 N. H. 231, 37 Am. Dec. 2 3; Ang. & A. Corp. §§ 282, 283.

A corporation can only act through agents. If De Bows' authority to execute a sealed instrument could have come only by a sealed instrument, who was there to give him such authority? The agent of the corporation executing the power of attorney, if the contention of the appellant is sound, must himself have been authorized by a writing under seal. It is a common practice for officers and agents of a corporation to execute instruments under seal and of the most solemn character without any other or further authority for doing so than a simple resolution of the board of directors of the corporation. We do not overlook the authorities cited and relied upon by appellant's counsel, but not one of them hold that the delegation of the authority to the agent to execute a sealed instrument for a corporation must be under seal. They simply hold that the execution of the instrument, if required to be under seal, must be under the seal of the corporation, or that the delegation of the authority by an individual must be under seal; but none of them hold that a corporation cannot delegate the authority except by an instrument under seal, and, as above noted, the law recognizes a distinction in this respect between individuals and corporations.

(3) As the delegation of the authority need not necessarily be by a sealed writing, a ratification of an agent's act in signing a bond need not be by a sealed writing, though we do not wish to be understood as holding that every valid ratification must be of the same character and solemnity as would be essential to the original authorization.

(4, 5) It may be conceded that the authority to De Bow and Webb jointly to make bonds for the appellant company did not authorize them to do so singly. It may also be questionable as to whether or not authority was shown giving Martin and Forbes the power to authorize De Bow to make bonds for the company, yet the evidence shows that the appellant company ratified the execution of the bond in question, and this was done after the withdrawal of the authority from De Bow and Webb of October 23d, and the recordation of same on the 29th. De Bow testified

that he remitted to the company the premium upon the bond and a copy within a few days after the execution, and it appears that the company waited over a month before attempting to disaffirm the transaction or attempting to restore the status quo. This testimony of De Bow was not disputed, and no excuse was shown for a failure to disaffirm the execution of the bond promptly upon the receipt of a copy of same and the premium. Appellant did introduce a general statement by De Bow to it, covering the business of the past, and which was sent in just a few days before it attempted to repudiate the transaction in question, but this statement is not at all incompatible with the testimony of De Bow, that he sent in the premium and copy of the bond within five days after the execution of same, and the appellant did not deny the receipt of same. Indeed, it seems that the appellant waited several weeks before attempting to disaffirm the execution of the bond, and did not attempt to restore the premium until March 1st, practically two months after the receipt of same. A corporation which accepts the benefit of a contract made by an officer without authority is estopped from denying the authority of such agent or officer if the contract is one within the charter powers of the corporation.—*Pittsburg R. R. Co. v. Keokuk*, 131 U. S. 371, 9 Sup. Ct. 770, 33 L. Ed. 157; *Ala. R. R. Co. v. Kidd*, 29 Ala. 221; Cook on Corporations, § 720.

(6) Of course, the acceptance of the consideration of an unauthorized contract, without knowledge of the terms of the contract or of the account upon which it is predicated, is not itself a ratification of the contract, but the proof in the case at bar shows that the appellant had full notice of the bond, and that the premium of $20, retained by it for two months, was collected for the making of said bond by it through De Bow, who was its agent, whether he did or did not have express authority to execute said bond for this appellant.

(7) There are but few objections to the evidence relating to the ratification features, and in them there was no reversible error. The other objections related to an effort to establish original authority in the agent De Bow, and as we hold the appellant liable upon a ratification, rather than on an original authorization, the rulings were harmless, if erroneous.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

## ON REHEARING.

ANDERSON, C. J.—Upon a reconsideration of this case, we find that the statement in the opinion that the premium on this particular bond was remitted to the appellant company, together with a copy of the bond within a few days after the execution of same by De Bow, is inaccurate. As a matter of fact, the premium was not remitted until later when it was sent in together with other premiums and accompanied by a general statement of the business covered by said statement. The witness De Bow did testify however: "They would be informed of the execution of the bond in the regular order of business, maybe a day or two or three days; as soon as they could be made up. They were furnished with copies of all papers in the case."

Again the witness was asked: "How soon after the 30th day of November, 1912, was the Alabama Fidelity & Casualty Company informed of the execution of the bond that is involved in this suit?"

The witness replied: "I have not a record of the exact date it went to them, but probably not over four or five days at the outside."

It therefore appears that although a general statement was not furnished, and that the premiums were not sent in until later, that a copy of this identical bond was furnished the appellant within three or four days after the same was executed on November 30th. The receipt of said copy was not denied, and the trial court could have well inferred that the appellant had notice of the execution of this bond for nearly two months before attempting to repudiate same. Moreover, the trial court saw and heard the witnesses, and we are not prepared to say that the conclusion was plainly and palpably wrong.

The application for rehearing is overruled.