## GONYEAU *v.* TOWN OF MILTON.

### *Notice of Injury on Highways.*

There can be no absolute rule of law as to *how long* one must be bereft of his reason in consequence of an injury upon a highway, in order to make it unnecessary for him to give notice to the town. If, after the primary effects of.the injury have past, and the physical system has had time and opportunity to resume its natural condition, the person is still left in a state of insanity or insensibility, or is otherwise deprived of his reason, and the condition is fixed in its character, then, although his reason may return in a longer or shorter time, and does return within the statutory period for giving notice, the *fact* is established that, in consequence of the injury, he was bereft of his reason, and he is excused by the statute from giving notice.

CASE for injury on a highway. Plea, the general issue, and trial by jury and verdict for the plaintiff, April Term, 1875, PIERPOINT, Ch. J., presiding.

The injury was received on Dec. 31, 1873, and a defective notice thereof was given on Jan. 22, 1874. The question. was whether plaintiff was so bereft of his reason in consequence of the injury that he was absolved from giving notice. The plaintiff claimed, and gave evidence tending to show, that he was; the defendant claimed the contrary. The defendant claimed that the evidence did not show that plaintiff was bereft of his reason at all, within the meaning of the statute ; and that at all events, from plaintiff's own testimony, it appeared that in eight or ten days after the injury, plaintiff was not only capable of remembering and understanding the circumstances of the accident, but was capable of, and did, intelligently transact the business of causing said notice of injury to be given ; and asked the court to charge that if plaintiff's statement in that respect was true, he was bound to give notice, and could not recover. The court refused to charge as requested, but charged upon this point as follows :

If plaintiff was so far bereft of his reason, within the meaning of the statute, that he was not bound to give any notice, the fact

that he attempted to give a notice and gave an insufficient one, does not prejudice his case ; and he stands just as though he had not made any attempt to give notice.

If a man becomes unconscious by reason of a blow, which unconsciousness is temporary, or for a short time, and then the man becomes conscious, and continues so onward, this is not such a deprivation of reason as is contemplated by the statute. and does not exempt him from the obligation to give notice. On the other hand, if a man, by reason of an injury of this kind, is bereft of his reason so that he is incapable of exercising his reasoning faculties for twenty nine days, in such a case it would not be necessary that he should give the notice. Where the line is to be drawn as between these two instances, it is difficult to determine, and perhaps it never will be determined.

For the purposes of this trial, the court lay down this rule. If the plaintiff, as the testimony all shows, was rendered insensible and unconscious by this injury, and he remained so up to the time when the pressure on his brain was removed by the operation of Dr. Thayer, and he passed out of the hands of Dr. Thayer, and then became conscious, and was in the possession of his reason after that time, then the deprivation of reason for that period of time is not such as to exempt him from the requirement of giving notice ; and in that case he should have given the notice. The deprivation of reason for the few hours that intervened between the accident and the operation, is not such a deprivation of reason as is contemplated by the statute.

If, on the other hand, from the evidence in this case the jury should find that the plaintiff was deprived of his reason so as to be incapable of exercising his reasoning powers to such an extent as would enable him to do simple business, and to understand simple matters like the giving of this notice, and so remained up to the time the attempt was made to give this notice, which would be somewhere in the vicinity of twenty days, then he was so deprived of his reason, within the meaning of the statute, that he was not bound to give the notice. It is not necessary he should be deprived of his reason for the entire thirty days after the accident. But if he was deprived of his reason for twenty days thereafter, so as to be incapable of exercising his reasoning faculties, and transacting such kind of business as would be requisite for the delivery of this notice, he comes within the proviso of the statute, and need not give the notice.

So that the question to be determined is, what was the condition of the plaintiff's mind from the time the operation was performed by Dr. Thayer, up to the time when the attempt was made

to give this notice—say about the 20th January—had he his reasoning faculties during that time, or had he not ?

To the refusal to charge as requested, and to the charge as given, the defendant excepted.

*E. J. Phelps*, for the defendant.

*E. R. Hard, W. L. Burnap,* and *C. W. Witters*, for the plaintiff.

The opinion of the court was delivered by

REDFIELD, J. The only question reserved in this case is, whether the plaintiff was so " bereft of his reason " by the injury of which he complains, that he was not required under the statute, to give notice to the town of his injury and claim for damages.

The plaintiff was rendered, by the injury, unconscious by the fracture of his skull and its pressure upon the brain, until relieved by Doctor Thayer several hours after the accident. After thus relieved, he was in a debatable state, and the matter of fact was submitted to the jury by the court, under, as we think, a proper charge. The jury have found that he was, by the injury, " bereft of his reason," and continued so from the same cause for more than twenty days thereafter.

I. The defendant claims that there was error in the charge of the court in this, " that if the plaintiff was deprived of his reason so as to be incapable of exercising his reasoning powers to such an extent as to enable him to do simple matters of business, like the giving this notice, and so remained for twenty days," by reason of the injury, he came within the proviso of the statute, and would not be required to give notice.

The statute exempts such as are injured on the highway from giving notice, if thereby they are " bereft of their reason." The statute is general in its provisions, and it becomes the duty of the court to give it a practical and reasonable application. And we think the chief justice has done so in this case. The statute does not relieve the party from performing this duty so long as the

incapacity continues, but it absolutely relieves him from giving the notice if, in fact, by the injury, he is " bereft of his reason." Many slight injuries temporarily deprive a person of his reason. Faintness or concussion by a sudden fall often leave a person insensible for a short time, but when reaction takes place the mind resumes its natural and normal state. In such case we do not think the person is " bereft of his reason " within the fair meaning of the statute ; but if, after the primary effects of the injury have subsided, and time and opportunity are given for the mind and reason to resume its functions, and it cannot perform them,— not from mere pain or weakness, but because it functions are deranged, disordered, or abated, and the party is then left in such a state " that he was incapable of exercising his reasoning powers so as to understand simple matters of business, like giving a notice in such case, and that continued for twenty days or more," — then his state and condition was that of one " bereft of his reason ;" and, under the statute, he is excused from giving the notice. And we do not think there can be any arbitrary rule of law as to the length of time one shall be " bereft of his reason," to bring him within the proviso of the statute, or that the matter should be left to the jury to determine whether he could have given the required notice after his reason returned. The length of time a person who had received an injury continued insane, deranged, or without his reason, is an important element in determining whether, by such injury, he was " bereft of his reason." But if the injured person, after the primary effects of the injury have past, and the physical system has the time and opportunity to resume its normal condition, is still left in a state of insanity, insensibility, or otherwise deprived of his reason, and that condition is, in character, fixed, then, if never, or in a longer or shorter time, his reason may return to him, the fact is established that, by the injury, he was " bereft of his reason," and he is excused by the statute from giving the notice.

There is, of course, every degree between absolute unconsciousness — a total eclipse of the mind — and a slight impairment of the reasoning powers, and the fact must, necessarily, be left to the jury ; and we think the degree of incapacity that would bring

one within the proviso of the statute, as given in the court below, was reasonable and sound.

There are many cases where one is " bereft of his reason " by a fall, blow, or other severe injury, and though restored in a comparatively short time, is never afterwards able to recall the circumstances or incidents of the injury, and can not state the occasion or the time and place of injury; and that would be a good reason for not being required to give the notice.

II. The point made by the defendant, that there was no evidence tending to prove that the plaintiff was " bereft of his reason " in the sense defined by the chief justice, we think is not well taken.

Judgment affirmed.