(108 So. 539)

## HILLMAN v. CITY OF ANNISTON.
(7 Div. 616.)

(Supreme Court of Alabama.   May 6, 1926.)

**1. Municipal corporations** ⊚⇒733(2).

In maintenance of streets and sidewalks, municipality is engaged in corporate rather than purely governmental function.

**2. Municipal corporations** ⊚⇒747(2)—City is liable for injuries to persons from negligence of street force.

City's duty to public to maintain streets in safe condition is not suspended at time and place where it, by its own force of labor, and superintendence is engaged in street work, and it is liable for injuries to persons in proper use of street from negligence of street force while so engaged.

**3. Municipal corporations** ⊚⇒747(2)—Liability of municipality for torts of agents in construction or maintenance of streets is same as in construction or operation of public utilities.

In general, liability of municipal corporation for torts of officers or agents, whether from malfeasance or misfeasance, in construction or maintenance of streets, is same as in construction or operation of waterworks, light plants, and other public utilities.

**4. Municipal corporations** ⊚⇒747(3)—City is not liable for act of police officers in arresting or guarding prisoners, nor for failure to police town or abate nuisance, nor in maintenance of fire department.

City is not liable for negligence or wrongful act of police officers in arresting or guarding prisoners, for failure to properly police town or abate nuisance, nor in maintenance of fire department or enforcement of sanitary and public health measures.

**5. Municipal corporations** ⊚⇒747(2)—Municipality held liable for death of convict by wrongful act of agent guarding and superintending work of prisoner on street.

Municipal corporation is liable under homicide act for death of city convict by wrongful act of officer or agent guarding and superintending work of prisoner in repair and maintenance of city street, though it would not be liable for injury in workhouse or prison.

Anderson, C. J., and Somerville and Gardner, JJ., dissenting.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Action by Dessa Hillman, as administratrix of the estate of W. A. Hillman, deceased, against the City of Anniston. Plaintiff took a nonsuit, and appeals from adverse rulings on pleading. Reversed and remanded.

The complaint is as follows:

"The plaintiff, Dessa Hillman, suing as administratrix of the estate of W. A. Hillman, deceased, claims of the defendant, the city of Anniston, a municipal corporation, the sum of twenty-five thousand and 00/100 ($25,000.00) dollars as damages for injury done to, and wrong suffered by, plaintiff's intestate proximately caused by the defendant corporation, its agent, officer, or employee, for that, heretofore, on, to wit, the 2d day of July, 1925, the defendant was engaged, by its agents, officers, and employees, in making repairs or improvements on the streets of the city, loading, digging, and hauling slag, earth, and other material for such repairs, and then and there, at a place in the southern part of the city near the plant of the Emory Foundry Company, said defendant had, as its employee, in charge of said work, as superintendent or boss, one R. M. McArdle, who was then and there in charge of plaintiff's intestate and others engaged in such work for the city, and at such time and place the said R. M. McArdle, while acting in the line of his duty as an employee of the defendant, committed an assault and battery on the person of plaintiff's intestate by striking him with a pick handle or other wooden instrument, and brutally kicking and abusing plaintiff's intestate, by reason of which injuries, and as a proximate consequence thereof, plaintiff's intestate died within the space of about one hour thereafter, and plaintiff avers and charges that the injuries and death of her said intestate were proximately caused by the wrongful and wanton injury committed by the said defendant, its servant, agent, or employee, causing the death of plaintiff's intestate, and plaintiff further avers that on, to wit, the 30th day of July, 1925, plaintiff filed with the clerk of the city of Anniston, as such administratrix, a sworn statement, stating substantially the manner in which the injury complained of was received, and the day and time and the place where the accident occurred out of which the damages are claimed; hence this suit."

Plea No. 3 is as follows:

"(3) That, at the time of the alleged injury to plaintiff's intestate, such intestate was en-

gaged in serving a sentence for violation of an ordinance of the city of Anniston, and was in charge of its convict guard, R. M. McArdle; that defendant, by and through said McArdle, was engaged at the time of said alleged injury in the exercise of a governmental function, to wit, in working convicts repairing a street or public highway in said city, and is. therefore not liable for said alleged injury."

Rutherford Lapsley and Longshore & Longshore, all of Anniston, for appellant.

The city is civilly liable for misfeasance of its officers and employés in and about performance of acts relating to management of corporate or private concerns of the muncipality, from which it derives profit or advantage as a corporation. 28 Cyc. 1260; New Orleans v. Kerr, 50 La. Ann. 413, 23 So. 384, 69 Am. St. Rep. 442; 30 Am. St. Rep. 373–405, note. The repairing of a public street is a corporate rather than a public duty, and its officers and employés so engaged exercise a ministerial and corporate act. Bessemer v. Barnett, 212 Ala. 202, 102 So. 23; City Council v. Harris, 101 Ala. 570, 14 So. 357. For the wrongful or negligent acts of officers or employés, so acting as ministerial agents, the municipality is civilly liable. Birmingham v. McKinnon, 200 Ala. 111, 75 So. 487. Immunity from civil action is only when the wrong is committed by officers or agents in the performance of a duty imposed on the city as an instrumentality of the sovereign power, acting for the benefit of the public. 30 Am. St. Rep. 376, note; 25 C. J. 1157; Aldrich v. Youngstown, 106 Ohio St. 342, 140 N. E. 164, 27 A. L. R. .1497; La Clef v. Concordia, 41 Kan. 323, 21 P. 272, 13 Am. St. Rep. 285.

J. F. Matthews, of Anniston, for appellee.

Brief of counsel did not reach the Reporter.

BOULDIN, J. The case is here upon the ruling sustaining plea No. 3 as against apt grounds of demurrer. The complaint and plea No. 3 appear in the report of the case. The one legal question presented on this appeal is: Is a municipal corporation liable under the homicide act for the death of a city convict by wrongful act of the officer or agent guarding and superintending the work of the prisoner in the repair and maintenance of the streets of the city?

[1, 2] As regards the public making 'use of the streets of a city, it has been the long-declared law of this state that in the maintenance of public streets and sidewalks the municipality is engaged in a corporate rather than purely governmental function. As a result the municipality. is liable for injuries resulting from defects in the streets due to negligence of its officers and agents. This duty to the public to maintain the streets in a safe condition is not suspended at a time and place where the city, by its own force of labor and superintendence, is engaged in street work, and hence it is liable

for injuries to persons in the proper use of the street from negligence of the street force while so engaged. City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23; City of Birmingham v. McKinnon, 200 Ala. 111, 75 So. 487; City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542; City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L. R. A. 1915F, 797; Bloom v. City of Cullman, 197 Ala. 490, 73 So. 85; City of Birmingham v. Muller, 197 Ala. 554, 73 So. 30; City of Selma v. Perkins, 68 Ala. 148; Albrittin v. City of Huntsville, 60 Ala. 486, 31 Am. Rep. 46; Smoot v. Mayor of Wetumpka, 24 Ala. 112. See, also, 6 McQuillin on Corporations, § 2634.

Following up this doctrine that the officers and agents engaged in street work represent the municipality in its corporate or business character, it was held in City Council v. Harris, 101 Ala. 564, 14 So. 357, that the city is liable under the Employers' Liability Act for the death of an employee while working in a pit preparing gravel for use upon the streets, and occurring under circumstances covered by the act.

The case of City of Birmingham v. McKinnon, 200 Ala. 111, 75 So. 487, recognizes the rule that, if a police officer has committed to him concurrent duties relating to the maintenance of streets, in the performance of these duties he acts in a ministerial way, as agent for the city in its corporate capacity, and the municipality is liable for injuries resulting proximately from his failure of duty.

[3] In general, the liability of a municipal corporation for the torts of its officers or agents, whether from malfeasance or misfeasance, in the construction or maintenance of streets, is the same as in the construction or operation of waterworks, light plants, and other public utilities. Athens v. Miller, 190 Ala. 82, 66 So. 702; Posey v. North Birmingham, 154 Ala. 511, 45 So. 663, 15 L. R. A. (N. S.) 711; Darby v. Union Springs, 173 Ala. 709, 55 So. 889.

[4] On the other hand, under the general principle of immunity of government agencies from liability for the torts of its officers, there is no liability for the negligence or wrongful act of police officers in arresting or guarding prisoners. Dargan y. Mobile, 31 Ala. 469, 70 Am. Dec. 505. Nor for. failure to properly police the town in the protection of the citizen from violence. Campbell v. Montgomery, 53 Ala. 527, 25 Am. Rep. 656. Nor for failure to abate a nuisance. Bieker v. Cullman, 178 .Ala. 662, 59 So. 625. Nor in the maintenance of a fire department. Long v. Birmingham, 161 Ala. 427, 49 So. 881, 18 Ann. Cas. 507. Nor in the enforcement of sanitary and public health measures. Tuscaloosa v. Pitts, 209 Ala. 635, 96 So. 711.

Looking to the. authorities in other states, they are practically of one accord in holding nonliability for negligent injury to prisoners due to defective or insanitary prisons, confinement with drunken, vicious, or infect-

ed fellow prisoners, or exposure to cold or fire therein. The same rule applies to workhouses and injuries to prisoners put to work as a penalty for offenses; such work being incidental to the execution of the sentence. The rule is based upon the general doctrine of immunity for the wrongful acts of officers engaged in public governmental duty. In such case the doctrine of respondeat superior is not recognized. 19 R. C. L. p. 1126, § 404, and notes 4, 5, and 6; 6 McQuillin on Corp. § 2642, and notes, pp. 5453 to 5456; 4 Dillon on Mun. Corp. § 1656, note, p. 2886; Nisbet v. Atlanta, 97 Ga. 650, 25 S. E. 173; Ulrich v. St. Louis, 112 Mo. 138, 20 S. W. 466, 34 Am. St. Rep. 372; Jackson v. Owingsville (Ky.) 121 S. W. 672, 25 L. R. A. (N. S.) 180, and note.

[5] The case of Nisbet v. Atlanta, 97 Ga. 650, 25 S. E. 173, as to facts, is practically on all fours with the case at bar. Neither this case, nor any other coming to our attention, has discussed the dual relation occupied by the police officer in custody of the prisoner, and at the same time the corporate agent in working the prisoner at a corporate rather than governmental enterprise. It is generally held as in Alabama that in the prosecution of corporate rather than strictly governmental undertakings the doctrine of respondeat superior does apply in favor of third persons or employees injured or killed as the proximate result of the wrongful act of such agent acting in the line of his employment.

The doctrine of immunity in favor of municipal corporations is grounded in public policy. Mr. McQuillin, § 2642, speaks of the injustice of the rule announced as to prisoners in jails and workhouses. We are not inclined to extend it. We can see no basis of justice for holding the municipality liable for the acts of its agents engaged in the construction or operation of public works, or other corporate function, at the suit of a third person free to avoid danger, or an employee who voluntarily engages in the service, and deny the same protection to one put to involuntary labor under like conditions.

We therefore hold that, where the prisoner is sentenced to work upon an enterprise defined by our law as corporate in character, the municipality is liable for injury or death proximately resulting from the wrongful act of its agent in the course of such employment; that, if injury results from the negligence or wrongful act of the superintendent of the work, and the prisoner's employment therein, the municipality is not exempt because such corporate agent was also a police officer having custody of the prisoner.

The trial court erred in overruling the demurrer to plea No. 3.

Reversed and remanded.

SAYRE, THOMAS, and MILLER, JJ., concur.

GARDNER, J. (dissenting). The rule generally recognized by the authorities as applied to concrete cases, here applicable, is stated in 19 R. C. L. § 404, as follows:

"A municipality is not liable for the injurious results of confining a person in an insufficiently heated or otherwise unsanitary jail, prison, workhouse, lockup or calaboose, or for the negligence of the persons in charge of the jail in allowing it to be burned, thus causing the death of a prisoner, or for personal injuries arising out of the work at which the inmate of a prison is put, or from the assaults of other prisoners, even if the public authorities should have known of the danger. In such cases it can make no difference that the injured person was confined in prison for violation of a city ordinance, or that the city derived a revenue from the products of the labor of the inmates of its prison."

The foregoing section is cited in the majority opinion with the statement:

That the "rule applies to workhouses and injuries to prisoners put to work as a penalty for offenses; *such work being incidental to the execution of the sentence.*" (Italics supplied.)

The words "such work being incidental to the execution of the sentence" constitute the turning point of the question here considered, and leads logically to a contrary conclusion. Had plaintiff's intestate met his death by the wrongful act of the guard while in prison or being guarded at a workhouse, confessedly, under all the decisions, the rule of nonliability of the city would apply. The mere fact, therefore, that he was being worked on the streets, rather than at a workhouse or elsewhere, as a penalty for the offense, was a mere incident, and cannot be of controlling influence here. The mere incident of the place of work should not be made to operate a destruction of the well-recognized rule of nonliability in cases of this character.

The only authority cited in the majority opinion which is concededly directly in point (Nisbet v. Atlanta, 97 Ga. 650, 25 S. E. 173) is also directly opposed to the majority view. I am persuaded it is correct, and supported by the decided weight of authority.

I therefore respectfully dissent.

ANDERSON, C. J., and SOMERVILLE, J., concur.