(114 So. 55)

## HILLMAN v. CITY OF ANNISTON.
### (7 Div. 739.)

Supreme Court of Alabama. June 23, 1927.

Rehearing Denied Oct. 27, 1927.

1. **Municipal corporations** ☞747(2)—**City held liable for death of convict, struck by guard while at work under sentence for violating ordinance (Homicide Act).**

In death action against city, under Homicide Act (Code 1923, § 5696), defendant's plea that plaintiff's intestate was prisoner serving sentence for fine and costs imposed under ordinance, working as convict at hard labor and struck by convict guard of city, *held* demurrable.

2. **Appeal and error** ☞1015(2)—**Judgment granting new trial for insufficiency of evidence will not be disturbed, where evidence was conflicting.**

Where issues of fact in death action against city were determined on conflicting evidence, judgment granting defendant's motion for new trial on ground that verdict and judgment were contrary to evidence will not be disturbed.

Gardner, J., and Anderson, C. J., and Somerville, J., dissenting in part.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Action for damages by Dessa Hillman, as administratrix of the estate of W. A. Hillman, deceased, against the City of Anniston. From a judgment granting defendant's motion for a new trial, plaintiff appeals, and defendant cross-assigns errors. Affirmed.

See, also, 214 Ala. 522, 108 So. 539.

Rutherford Lapsley and Longshore & Longshore, all of Anniston, for appellant.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

To render a verdict objectionable and subject to vacation on the ground that it was a quotient verdict, the assailant must show by competent evidence that the jurors in advance agreed to be bound by a particular mode adopted of arriving at the verdict. B. R. L. & P. Co. v. Moore, 148 Ala. 130, 42 So. 1024; Dana v. Tucker, 4 Johns. (N. Y.) 487; A. C. G. & A. v. Lee, 200 Ala. 550, 76 So. 908; Eufaula v. Speight, 121 Ala. 613, 25 So. 1009; Leith v. State, 206 Ala. 439, 90 So. 687. The motion for new trial should not have been granted. No presumption in favor of the correctness of the judgment will be indulged by the appellate court. Code 1923, 6088; Cobb v. Malone, 92 Ala. 630, 9 So. 738. Demurrer to plea A was properly sustained. Hillman v. Anniston, 214 Ala. 522, 108 So. 539, 46 A. L. R. 89; Sheffield v. Harris, 101 Ala. 564, 14 So. 357.

James F. Matthews and Merrill, Field & Allen, all of Anniston, for appellee.

A municipality is not liable for torts of its officers exercising governmental functions. Dargan v. Mobile, 31 Ala. 469, 70 Am. Dec. 505; Ratliff v. Bessemer, 17 Ala. App. 632, 88 So. 208; Campbell v. Montgomery, 53 Ala. 527, 25 Am. Rep. 656; Long v. Birmingham, 161 Ala. 427, 49 So. 881, 18 Ann. Cas. 507; Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771; Nisbet v. Atlanta, 97 Ga. 650, 25 S. E. 173; 19 R. C. L. 1126. The evidence showed a quotient verdict. Ledbetter v. State, 17 Ala. App. 417, 85 So. 581; Southern R. Co. v. Williams, 113 Ala. 620, 21 So. 328; Int. Agr. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L. R. A. (N. S.) 415.

THOMAS, J. The questions presented will be treated as argued by counsel. Appellee's counsel concede that the motion for a new trial practically presents all matters urged as error by appellee in its cross-assignments of error, under section 6091 of the Code. Yates Mach. Co. v. Taylor, 215 Ala. 311, 110 So. 396.

This is the second appeal, 214 Ala. 522, 108 So. 539. The action was for damages, under the Homicide Act (Code 1923, § 5696), for the death of appellant's intestate, the result of an assault by a city employee while guarding said intestate in the work of digging and loading slag for use in repairing the streets of Anniston.

[1] The defendant pleaded the general issue and two special pleas, 3 and A. The sufficiency of plea 3 was condemned on the former appeal. Plea A filed on the last trial is to like effect—that said intestate was a prisoner serving a sentence for fine and costs imposed under the city's ordinance, was put to work as a convict at hard labor for the city, was guarded by McCardle, the person alleged to have struck said intestate, who was convict guard of the city, "charged with the duty of guarding said intestate." And plaintiff's demurrer was sustained to plea A under the influence of the former decision and announcements of error in overruling demurrer to plea 3. When plea A is referred to the complaint, there was no error in sustaining demurrer to that plea, is the view of Justices SAYRE, BOULDIN, and BROWN, joining with the writer. We have no desire to depart from the previous decision in this case, believing it to be well founded, and on this question Mr. Chief Justice ANDERSON, SOMERVILLE, and GARDNER, JJ., adhere to their view expressed on the former appeal.

The issues of fact were on conflicting evidence of a wrongful assault proximately causing death and that tending to show that the death of said intestate was the result of alcoholic poisoning. The verdict was for plaintiff. The grounds of the city's motion for a new trial, which was granted, and from which the appeal is taken, among others, were the following:

"Said verdict and judgment are contrary to law.

"Said verdict and judgment are contrary to the evidence.

\*   \*   \*   \*   \*   \*   \*   \*

"Said verdict upon which said judgment is based is a quotient verdict and improperly and unlawfully arrived at, in that the members of the jury agreed in advance each one to designate such amount of damages, if any, as the jurors wished to assess, to aggregate said amounts, to divide the aggregate sum by 12, and to let the quotient of such division represent the amount of damages assessed against the defendant.

"The court erred in sustaining demurrers to defendant's plea A, filed October 11, 1926."

We have indicated there was no error in sustaining demurrers to plea A. And the question of quotient verdict is not necessary to be decided.

[2] Applying the rule of Cobb v. Malone, 92 Ala. 630, 9 So. 738, to all of the evidence adduced on the trial before the judge hearing and granting the motion for a new trial, all the Justices agree that the trial court's judgment will not be disturbed.

The judgment of the circuit court is affirmed.

All the Justices concur.

GARDNER, J. (dissenting in part). The former opinion in this cause is found reported in (214 Ala. 522, 108 So. 539) 46 A. L. R. 89, to which there is attached an extended note. The authorities therein cited more directly in point are found on pages 101 to 103, inclusive. They are unanimous in holding to the view of nonliability of the city for the reason that the city, in working the convicts, is in the exercise of a governmental function, or, as observed by the Kentucky court, the municipality, in enforcing the criminal laws of the

state and city, is the agent of the state and is not responsible for the tortious or negligent acts of its officers while so engaged.

The decision in this case should not be adhered to, as it is opposed to the universal current of authority, and from so much of the opinion as approves the former holding I respectfully dissent.

ANDERSON, C. J., and SOMERVILLE, J., concur.