(119 So. 841)
## CITY OF BIRMINGHAM v. WHITWORTH.
### (6 Div. 267.)

Supreme Court of Alabama. Jan. 24, 1929.

604

Horace C. Wilkinson, of Birmingham, for appellant.

Sam C. Tigert, of Fayetteville, Tenn., and Erle Pettus, of Birmingham, for appellee.

THOMAS, J. The trial was had upon count 6, and the general issue pleaded in short by consent. The real insistence of appellant is that the city is not liable on the theory that in hauling material for or used in repairing and mending the street, it was engaging in or exercising a governmental function for which the city was not liable in damages, under the Homicide Act, section 5696 of the Code. This subject received a careful consideration in Hillman v. City of Anniston, 214 Ala. 522, 523, 108 So. 539, 46 A. L. R. 89, and Id., 216 Ala. 661, 114 So. 55. The conclusion there announced was that in the maintenance of public streets and sidewalks the municipality is engaged in a corporate function rather than that which is purely governmental. From the power and authority to control streets and sidewalks and to maintain the same, conferred upon municipalities (chapter 43, art. 34, § 2238 et seq.), arises the corresponding and coextensive duty in the premises, and a civil liability will result from the consequences of a default in the manner of the discharge thereof. Albrittin v. Mayor and Aldermen of Huntsville, 60 Ala. 486, 496, 31 Am. Rep. 46; Cullman v. McMinn, 109 Ala. 614, 19 So. 981; City of Bessemer v. Whaley, 187 Ala. 527, 65 So. 542; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874. This result follows from the declaration of the courts that the maintenance of streets is a corporate rather than a public duty, and that in so doing the officers of the municipality act in a ministerial rather than in a governmental function or agency. City of Birmingham v. Muller, 197 Ala. 554, 73 So. 30; City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23; City of Selma v. Perkins, 68 Ala. 148. Some of the older cases on this point, by this court, are: Smoot v. Mayor of Wetumpka, 24 Ala. 112, 121; City Council of Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562; Dargan v. Mayor, etc., of Mobile, 31 Ala. 469, 475, 70 Am. Dec. 505. See, also, Meares v. Commissioners of the Town of Wilmington, 31 N. C. (9 Ired.) 73, 80, 49 Am. Dec. 412.

That is to say, that, in the discharge of the duty of maintenance of public thoroughfares by a city, the rule that a superior or employer is liable for want of skill or negligence of his agent or servant, acting in the line and scope of employment, who injures another, applies, in that he is acting in a ministerial or corporate capacity rather than in a governmental or political capacity. City Council of Sheffield v. Harris, 101 Ala. 564, 14 So. 357 (Stone, C. J.); Town of Athens v. Miller, 190 Ala. 82, 91, 66 So. 702; 43 C. J. 937, §§ 1715, 1756.

There was no error in the several rulings of the trial court presenting the foregoing established principles of liability of the municipality. The demurrer to the complaint was properly overruled, and the general affirmative charge as to count 6 as last amended was properly refused. The evidence showed that the driver of the truck was engaged in an administrative duty or function,

and not in the performance of a governmental function, when he caused the injury in question. City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L. R. A. 1915F, 797; City of Tuscaloosa v. Fitts, 209 Ala. 635, 638, 96 So. 771; City of Jasper v. Lacy, 216 Ala. 26, 112 So. 307; City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23; section 2029, Code. The case of City of Wooster v. Arbenz, 116 Ohio St. 281, 156 N. E. 210, 52 A. L. R. 518, was not followed in the foregoing authorities, nor in our recent cases of Hillman v. City of Anniston, 214 Ala. 522, 108 So. 539, 46 A. L. R. 89; Id., 216 Ala. 661, 114 So. 55.

When affirmative instructions may be given or refused is well established by our decisions, under the reasonable inferences, or lack thereof, arising from the evidence. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; John v. B. R. Co., 172 Ala. 603, 55 So. 801; Miller-Brent L. Co. v. Douglas, 167 Ala. 286, 52 So. 414; Taylor v. Lewis, 206 Ala. 339, 89 So. 581. The reasonable adverse inference that may be drawn from the evidence justified the refusal of affirmative instructions requested by defendant.

■ The question, "Did you have any warning or intimation of any kind that this boy was coming out from the bushes?" was objectionable as calling for the witness' conclusion or opinion about an obvious fact that was submitted to the jury for decision upon the given facts.

■ The defendant's driver had testified on his cross-examination, without objection: "I roomed at Mrs. Langley's boarding house, and I was there the night before. I don't remember that I was drunk the night before; I was not drunk on this occasion, wasn't drinking and hadn't been drinking the night before." He was asked by plaintiff, without error: "Isn't it a fact that you were drinking or under the influence of liquor the night before this happened?" To which he answered: "Well, if I was, I can't remember that far back. I don't think I was. * * * My best recollection is that I was not." He had already so testified without objection. In determining what the driver's physical condition was in the early part of the morning of the accident, there was no prejudicial error in the inquiry as made of that condition, for drinking or not, the night before, and as tending to test his recollection.

■ Refused charge A tends to invade the province of the jury, and is misleading under the evidence as to the duty of the driver as to keeping a proper lookout. The facts are not fully hypothesized. The paved roadway was wide, about 25 feet, with no curb or sidewalk; at or near the point in question, a path crossed the railroad tracks to the road, and this way or the area thereof was close to a curve and about 75 feet from where the blood or brains of the boy were found, to where the path approaches the road. G. W. Alexander testified: "There is a path that cuts across going toward Wylam, cuts across the railroad track; a path leading from Fairfield into this area right close to the curve. It is 75 feet from where the brains were to where this path comes into the road; 75 feet back between where the boy was killed and Fairfield." The charge was properly refused.

■■ The refusal of the charge we denominate B was without error. It was an effort to paraphrase the words from Southworth, Adm'x, v. Shea, 131 Ala. 419, 421, 30 So. 774, 775, as follows:

"Proof which goes no further than to show an injury could have occurred in an alleged way, does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause."

This charge was argumentative. If not otherwise faulty, it states no proposition of law to the jury. If the proof was such as that it tended to show, or went to the extent of showing, that the thing in controversy "may happen" as indicated, it was a tendency of evidence that should be considered by the jury in the ascertainment of how the material fact did in truth happen. The charge would have unduly emphasized the circumstantial evidence features of the case, had there been no positive evidence for plaintiff. However, there was positive evidence of the fact that deceased approached the curve from the west side of the road, and the witness saw the truck proceeding towards Wylam at the time and place in question, at the rate of 20 miles per hour on the left side, as the evidence tended to show, and the effect of the refused charge denominated C was to ignore this positive evidence for plaintiff.

Charge D is not assigned as error.

There was no error in overruling the motion for a new trial, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.