153 So. 639
## CITY OF BIRMINGHAM v. WILLIAMS.
### 6 Div. 530.

Supreme Court of Alabama.
March 8, 1934.

Rehearing Denied April 5, 1934.

W. J. Wynn and T. A. McFarland, both of Birmingham, for appellant.

Brown & Brown and Harsh, Harsh & Hare, all of Birmingham, for appellee.

ANDERSON, Chief Justice.

True, the complaint should have set forth a compliance with the statute as to the filing of the claim, averring the time, place of the injury, etc., and the omission of either of the requirements would render the complaint subject to an appropriate ground of demurrer. We find no ground of demurrer to the complaint for a failure to aver that the claim filed did not give the time of the injury. As we understand, these requirements relate to the remedy rather than the right and the failure of the complaint to set out each and every one of the essentials of the notice required to be filed does not prevent the complaint from being sufficient to support a judgment; that is, from stating a cause of action. City of Birmingham v. Scott, 217 Ala. 615, 117 So. 65.

It appears that, before count A was interposed, the complaint was amended by striking all defendants except the city of Birmingham, and the error of using the plural in said count A was self-correcting, as there was but one defendant in the case when count A was interposed.

In our case of Mobile Light & R. Co. v. Therrell, 205 Ala. 553, 88 So. 677, 679, cited and relied on in brief of counsel for the appellee, in dealing with the right to recover special damages, not specifically set out in the complaint, it was said: "This rule does not require that the complaint shall describe in detail all the characteristics and consequences of the injuries or wounds sustained, and extreme particularity is not required. * * * Hence, we have been quite liberal in permitting a recovery for special injuries in cases where the complaint contained an averment of general injury comprehensive enough to include, by fair intendment, the particular injury proven but not specifically charged." The opinion proceeded further, however, and approved the New York Case (Kleiner v. Third Ave. R. Co., 162 N. Y. 193, 56 N. E. 497) which, in effect, held that a complaint alleging specific physical injuries, "contusions to head, body and arms, laceration of scalp, causing severe nervous shock, concussion of brain, injury to eyesight, and permanent injury—it was held that plaintiff could not recover for a disordered heart, a paralysis of the dorsal muscle, disordered menstruation, vertigo, or curvature of the spine; it not appearing that such diseases, though they may have been the proximate result of the nervous shock suffered, 'necessarily and immediately' flowed therefrom."

Here the complaint avers, as to the injuries: "The plaintiff's elbow and shoulder were sprained and the ligaments thereof bruised and injured; her hand was cut in many places, to-wit, seven, and plaintiff was caused to suffer great mental and physical pain and anguish and was shocked in her person, and her elbow and shoulder were bruised and became swollen and plaintiff

was unable to attend to her household duties and work." While the injuries, as set out in defendant's refused charges, set out in defendant's third and fourth assignments of error, may have been proximately caused by the injuries set out in the complaint, they did not necessarily and immediately flow therefrom. The trial court erred in refusing said charges and in not sustaining the defendant's objection to the question to Dr. Armour relating to such injuries as they were not within the injuries set out in the complaint or the claim filed with the city clerk.

True, the complaint charges, after setting forth certain injuries, "and the plaintiff was caused to suffer great mental annd physical pain and anguish," meaning, of course, nothing to the contrary appearing, as a result from the injuries set out in the complaint.

We have not overlooked the other assignments of error as have been properly argued or insisted upon, and find no reversible error in ruling thereon, and a detail discussion of same can serve no useful purpose.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.