166 So. 795

### MAISE v. CITY OF GADSDEN.

#### 7 Div. 353.

Supreme Court of Alabama.

March 26, 1936.

W. T. Murphree and Otto Zerwick, both of Gadsden, for appellant.

Rains & Rains and Albert M. Rains, all of Gadsden, for appellee.

FOSTER, Justice.

This is an action against the city on a claim for personal injuries committed on him while a city convict under hard labor sentence. It is based on our several cases of City of Anniston v. Hillman, 220 Ala. 505, 126 So. 169; Hillman v. City of Anniston, 214 Ala. 522, 108 So. 539, 46 A.L.R. 89; Id., 216 Ala. 661, 114 So. 55.

The complaint did not allege that a sworn statement was filed with the city clerk as required by section 2031, Code. There was no demurrer to the complaint on that ground and no plea was filed alleging that it was not done.

After one argument for the plaintiff, defendant moved for a directed verdict because the evidence did not disclose that the claim had been filed as required by the statute. The court then permitted plaintiff to prove that claim was filed, and defendant objected to proof of the claim because it came too late in the trial, and because it stated that the place of the act was Ninth street, whereas the evidence shows that it occurred on Eighth. street. The court sustained that objection. The defendant again moved for a directed verdict on the ground that the evidence did not show that a claim was filed as required by the statute. The court granted the motion, and so directed a verdict for defendant. A verdict and judgment for defendant followed.

This court has held that no suit shall be brought or maintained nor recovery had unless a sworn statement is filed, and such filing must be averred. in the complaint, since it is an expressed condition precedent to the bringing of the suit. Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874; Bland v. City of Mobile, 142 Ala. 142, 37 So. 843; Barrett v. City of Mobile, 129 Ala. 179, 30 So. 36, 87 Am.St. Rep. 54; Perrine v. Southern Bitulithic Co., 190 Ala. 96, 99, 66 So. 705, 706.

Statutes of nonclaim, section 5814 (as amended by Gen.Acts 1931, p. 839) and § 1907, have been construed as not requiring an affirmative averment of compliance in the complaint, though they declare that failure of compliance is a bar to the claim. Kilgore v. Kimbrell, 231 Ala. 148, 163 So. 896; Anderson v. City of Birmingham, 177 Ala. 302, 58 So. 256.

But it was said in Perrine v. Southern Bitulithic Co., supra, that "we do not hold that section 1275 [section 2031, Code 1923] is also like a statute of nonclaim." It is a condition precedent to recovery. 49 Corpus Juris, 145, § 157; p. 147, § 162; Grambs v: City of Birmingham, supra.

Although the complaint is defective for a failure to allege a compliance with section 2031, Code, it is sufficient to state a cause of action without that allegation. City of Birmingham v. Williams, 228 Ala. 456, 153 So. 639; City of Birmingham v. Scott, 217 Ala. 615, 117 So. 65. Parties may frame their issues as they choose, so long as the complaint states a cause of

action. And when the complaint does that the plaintiff may recover upon proof of its allegations, and the court will be put in error for requiring proof of matter not so alleged, although it should have sustained a demurrer to the complaint had it been filed on that ground.

■ Since there was no issue made in the complaint or by plea in respect to the claim or the failure to file it, as required, no proof of such filing was necessary, and its absence did not justify a directed verdict for defendant. However, since on another trial the issue may be made by the pleadings, we think it advisable to consider the effect of the variance between the proof and the notice of claim as filed, in that one shows that the place was Eighth street and the other that it was Ninth street.

It is insisted that our case of Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63, is authority which is controlling to the effect that the variance is fatal. In that case plaintiff was injured by a fall in a hole in a city street. The proof showed the hole was between Ninth and Tenth avenues, and the claim between Tenth and Eleventh avenues. The court held that the variance was material, because the authorities may have found no hole at the place stated in the notice, and were not bound to go further into the inquiry. 68 A.L.R. 1533 et seq.

■ The statute has been given a liberal construction, not requiring technical accuracy, and this court has held that it is sufficient if it informs the authorities of the manner of the injury, the time and place, and the amount claimed, with the nature and character of the injuries. City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382; King v. City of Birmingham, 225 Ala. 42, 142 So. 78; City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23; City of Birmingham v. Simmons, 222 Ala. 111, 130 So. 896, 74 A.L.R. 766; McDougall v. City of Birmingham, 219 Ala. 686, 123 So. 83, 63 A.L.R. 1076; McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463.

In Newman v. City of Birmingham, 109 Ala. 630, 19 So. 902, 903, plaintiff sued for damages for raising the elevation of the street in front of his residence. The claim did not correctly describe plaintiff's residence lot. But the evidence showed the mayor knew where plaintiff's residence was, and after investigation the authorities denied the claim. It was held

that, "Technical accuracy is not required. It is enough if the board is fairly informed of the nature and amount of the claim, so that it can act intelligently in the investigation and allowance or rejection of the same."

■ In the instant suit, the assault consisted in chaining plaintiff to a post on the street because he would not or could not work with the street gang, while it was raining, when he claimed he was physically unable to work. The location was but an incident, not an essential feature, of the claim. An allegation as to place may be material or immaterial, depending upon what constitutes the breach of duty complained of. When the duty owing is dependent upon the character or nature of the location, it should be stated accurately in a complaint for breach of that duty. Highland Ave. & B. R. Co. v. Maddox, 100 Ala. 618, 13 So. 615; North Birmingham St. Ry. Co. v. Calderwood, 89 Ala. 247, 7 So. 360, 18 Am.St.Rep. 105.

But accuracy is not so required when the place is not thus related to the cause of action, and when the inaccuracy is not a material variance. Birmingham Ry. L. & P. Co. v. Lide, 177 Ala. 400, 58 So. 990; Central of Georgia Ry. Co. v. Hardman, 226 Ala. 515, 147 So. 670; Central of Georgia Ry. Co. v. Thomas, 1 Ala.App. 267, 55 So. 443.

The necessity for accuracy of averment as to place and the same reasons for it exist whether it be in a complaint or in a notice of claim filed with the city. The suggestion to a different effect in the Lide Case, supra, was not necessary to justify the ruling there made. In both instances exactness of averment as to place is only required when it is material to the cause of action relied on.

■ Plaintiff also claims that proof was made that the city waived filing a sufficient claim by the letter from the city attorney denying liability. But this is not available to plaintiff because it was not so alleged in the complaint. 49 Corpus Juris, 146, § 160. And the filing of a claim is a condition which may not be waived except by a payment of it. Grambs v. City of Birmingham, supra; 82 A.L.R. 750.

But it is said that there is a wide distinction between presenting a defective claim, and in not presenting a claim at all, as respects its waiver. Hurley v.

Town of Bingham, 63 Utah, 589, 228 P. 213; see, 82 A.L.R. 749, 752.

But we need not go further into that question here, since the claim was filed, and we think that the place stated in it is not *materially* variant from the evidence in that respect when the nature of the claim is considered.

We think the court was in error both in requiring plaintiff to prove a filing of the claim when the complaint made no such allegation and when there was no demurrer to it on that account, and in holding that, as filed, it was *materially* variant from the proof as respects the exact location of the occurrence.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.