172 So. 643

## CITY OF BIRMINGHAM v. WESTON.

### 6 Div. 993.

Supreme Court of Alabama.

Feb. 18, 1937.

Rehearing Denied March 4, 1937.

Clarence Mullins, W. J. Wynn, and Harvey T. Deramus, all of Birmingham, for appellant.

564

Chas. W. Greer and Frank B. Irwin, both of Birmingham, for appellee.

KNIGHT, Justice.

Suit by plaintiff, appellee, against the defendant, appellant, to recover damages for personal injuries alleged to have been received by her on December 21, 1933, at or near the intersection of Nineteenth street and Twenty-Third Avenue North, in Birmingham, Ala. The injuries consisted of a gunshot wound in the head. The plaintiff was a negro girl, under ten years of age, and was at the time walking along a roadway of said city.

It is averred in counts 7 and 8, the only counts in the complaint at the time the case went to the jury, that the city of Birmingham was, on the day of the accident, engaged in making improvements on its streets, and for that purpose was loading and hauling slag at, and from, a point near the intersection of Nineteenth street and Twenty-Third Avenue North; that the appellant had one J. D. Downey as its agent or servant, and foreman in charge of said work at the time; that the men engaged in the work were city prisoners, and said Downey was acting at the time in the dual capacity of policeman guarding the prisoners, and as foreman directing the work.

It is averred in the seventh count that the "said J. D. Downey, while acting within the line and scope of said concurrent duties as said foreman and as said police officer for the defendant, city of Birmingham, did wantonly shoot the plaintiff with a pistol, thereby causing plaintiff to suffer and sustain all the damages and injuries set forth and described in count 4 of her complaint."

In count 8 of the complaint it is averred "that the said J. D. Downey, while acting within the line and scope of said concurrent duties as said foreman and as said police officer for the defendant, city of Birmingham, did negligently fire a

pistol across a public street in said city, thereby causing the plaintiff to suffer and sustain all the damages and injuries set forth and described in count 4 of her ·complaint. And the plaintiff avers that all of her said injuries proximately resulted from the negligence of the said J. D. Downey while acting within the line and scope of his employment as a servant, agent or employee of the defendant, the ·city of Birmingham, in and about carrying out his said concurrent duties as foreman in charge of said work, and as said police officer guarding said men en- ·gaged in said work as aforesaid."

Each of said counts 7 and 8 averred that at the time plaintiff received her injuries, the basis of the suit, she was .a minor under ten years of age, and was mentally and physically unable to give the defendant, within ninety days from the receipt of her injury, the notice required by section 12 of the Act approved August 20, 1915, Gen.Acts 1915, pp. 294, 298, but that plaintiff did, by her next friend, Sara Stone, file a claim against the defendant, ·City of Birmingham, of her injuries, and which said claim was received by the City ·of Birmingham on the 27th day of March, 1934.

A copy of the claim filed with the city was sworn to presumably by the said Sara Stone, on March 19, 1934, and it shows that it was not filed with the city clerk until March 27, 1934.

There were numerous grounds of demurrer to counts 7 and 8, but the court, being of the opinion that the counts stated a ·cause of action against the defendant, ·overruled the demurrers. Some of the demurrers took the point that each of the counts failed to aver facts showing that said Downey, at the time of the accident, in doing the things charged against him, was engaged in a corporate or ministerial duty; and that for aught averred, the said Downey, on the occasion complained of, was a police officer of the defendant engaged in a duty in furtherance of a governmental duty.

■ We consider the question presented by the above-stated grounds of demurrer foreclosed against the appellant, and in this particular the counts were sufficient to hold the appellant answerable for ·the tort charged in the complaint. Hillman v. City of Anniston, 214 Ala. 522, 108 So. .539, 46 A.L.R. 89; Id., 216 Ala. 661, 114

So. 55; City of Anniston v. Hillman, 220 Ala. 505, 126 So. 169.

It is next insisted that the complaint was subject to defendant's demurrer in that it affirmatively appeared that no claim was filed with the clerk of the City of Birmingham, or with the city officer corresponding thereto, by the plaintiff, or by any one in her behalf, within ninety days from the receipt of the injury, as required by section 12 of the Act of the Legislature of 1915, approved August 20, 1915, Gen.Acts 1915, pp. 294, 298, and that the failure to file the claim within the time required by the act in question prevented a recovery in the cause.

Section 12 of the act of 1915, supra, provides: "No suit shall be brought or maintained nor shall any recovery be had against any such city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides.".

■ This court has given its unqualified approval to the following statement of the law, with respect to such requirements, made by Judge Dillon: "'Statutes requiring the presentation of notice of claim to designated municipal or public authorities before any action shall be brought and within a specified period after the cause of action may have accrued have often been sustained as valid enactments in the case of claims growing out of torts on the ground that the liability of the municipality for tortious claims is only statutory in its origin, and the Legislature may attach such conditions to the right to recover from the municipality for the tort as it deems proper or expedient.' 4 Mun.Corp. (5th Ed.) § 1613." Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874, 875. See, also, Barrett v. City of Mobile, 129 Ala. 179, 30 So. 36, 87 Am.St.Rep. 54.

■ It is also firmly established by the decisions of this court, as well as elsewhere, that the filing of the statement is not only mandatory but is a condition

precedent to the bringing of an action against the municipal corporation for any cause to which they relate. In order to maintain such action, the filing of the claim in substantial compliance with the statute must be averred in the complaint and proved. Barrett v. City of Mobile, supra; Grambs v. City of Birmingham, supra; City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7; Bland v. City of Mobile, 142 Ala. 142, 37 So. 843; Perrine v. Southern Bitulithic Co., 190 Ala. 96, 99, 66 So. 705, 706; 49 Corpus Juris, 145, § 157.

The plaintiff, however, has attempted to excuse the failure to file the required statement within the prescribed time by averring that at the time she received her injuries she was a minor under ten years of age, and was mentally and physically unable to notify the defendant, the City of Birmingham, within ninety days from the date of her injury, but that she did, by her next friend, file a claim against the City of Birmingham for her injuries, and which was received by said city on March 27, 1934. This filing, of course, was made several days after the expiration of the ninety day period allowed by the act in question.

The appellant's demurrer takes the point that the statute contains no exceptions, and, therefore, the excuse averred could not avail the plaintiff.

There is some contrariety of holding on this question by the courts of last resort in a number of the states. But so far as we have been able to discover, the precise question has not been heretofore before this court.

In the case of Barrett v. City of Mobile, supra, it was observed, Judge Sharpe writing for the court: *"The right to sue the city without first presenting the claim is taken away by the statute.* In bringing suit, the plaintiff should show by his complaint a cause for which an action will lie. To that end, the complaint should aver presentation according to the statutory requirement. For want of such averment, the complaint in the present case was subject to the demurrer interposed to it as a whole." (Italics supplied.) And, as heretofore pointed out, the Barrett Case, supra, has been reaffirmed in the case of Grambs v. City of Birmingham, supra.

It is generally held that a statute requiring claims to be filed or presented within a certain time is not a statute of limitation, hence the fact that a person is a minor does not excuse him from presenting his claim within the prescribed time. Charles Szroka v. Northwestern Bell Tel. Co. & City of Minneapolis, 171 Minn. 57, 213 N.W. 557, 59 A.L.R. 404; Hurley v. Town of Bingham, 63 Utah, 589, 228 P. 213; Baker v. Town of Manitou (C.C.A.Colo.) 277 F. 232; Madden v. City of Springfield, 131 Mass. 441; Davidson v. City of Muskegon, 111 Mich. 454, 69 N.W. 670; Schmidt v. City of Fremont, 70 Neb. 577, 97 N.W. 830; Ransom v. City of South Bend, 76 Wash. 396, 136 P. 365; Maise v. City of Gadsden, 232 Ala. 82, 166 So. 795.

Counsel for appellant relies to some extent, as an authority to support his contention that a minor mentally and physically unable to give the notice is excused from complying with the mandatory provision of the law requiring the giving of the notice within the period prescribed, upon the following statement taken from 5 McQuillin (1st Ed.) § 2468, p. 5131: "The requirement of notice necessarily presupposes the existence of an individual capable of giving it; consequently it has been established *to be a general rule* that a claimant is excused for a failure to give notice of, or to present or file a claim against a municipality within the prescribed time if the claimant was mentally or physically incapacitated to such an extent as to render it impossible, by any ordinary means at his command, to procure the filing or present it within a reasonable time after the incapacity was removed." (Italics supplied.)

This statement of the rule, approved in the first edition of Judge McQuillin's treatise, was published in the year 1913, but evidently the learned jurist became aware of the fact that he had stated the rule too broadly, for we find that when he revised and republished his treatise on the law of municipal corporations in 1928 (6 McQuillin [2d Ed.] § 2632), he not only qualified, but, in effect, receded from his former statement of the rule. In this second edition Judge McQuillin makes the following statement: "The requirement of a notice necessarily presupposes the existence of an individual capable of giving it; consequently *the rule obtains in some states* that a claimant is excused for a failure to give notice of, or to present or file a claim against a municipality within the prescribed time if the claimant was mentally or physically incapacitated to such extent as to render it impossible, by

any ordinary means at his command, to procure the filing or present it within a reasonable time after incapacity was removed."

It will be noticed that by express provisions in some states, the requirement as to notice does not apply to persons incapacitated or disabled from giving notice until the disability is removed. This is true of Massachusetts (Stoliker v. City of Boston, 204 Mass. 522, 90 N.E. 927), Minnesota (Ray v. City of St. Paul, 44 Minn. 340, 46 N.W. 675), Vermont (Gonyeau v. Milton, 48 Vt. 172, 173), and Kansas (Nesbit v. City of Topeka, 87 Kan. 394, 124 P. 166, 40 L.R.A.(N.S.) 749).

However the act now before us contains no exemption in favor of minors or persons mentally or physically incapacitated to give the notice. It applies to all persons alike unless this court shall write into it such an exception, which, under the guise of judicial interpretation, we do not feel warranted in doing. To do so would be legislation not interpretation.

In 19 R.C.L. § 331, p. 1043, it is said: " * * * but if there is no such proviso in the statute, it is held by the weight of authority that the court cannot supply it, and is without jurisdiction to entertain an action for an injury of the specified character when no notice has been given within the specified time, *however good the excuse for delay.*" (Italics supplied.)

And Judge McQuillin, in the second edition of his treatise on the law of Municipal Corporations (vol. 6, § 2893, p. 982), in writing further upon this provision of the law requiring that notice should be given within a prescribed time, says: "While many cases hold that a law requiring notice does not apply to minors unable to give notice, the weight of authority seems to be to the contrary. *A general rule of construction* constantly invoked by courts is that, if no exceptions to the positive terms of a general statute are made, the conclusive presumption is that the legislature intended none, and the duty of the court is to interpret law not make law by engrafting exceptions upon statutes. This doctrine is applied by many courts in the construction of laws requiring notice." (Italics supplied.)

We are of the opinion that the demurrer to the seventh and eighth counts of the complaint should have been sustained, for the failure to aver due presentation of the claim, that the excuse averred cannot avail to avoid the plain, certain and mandatory provisions of section 12 of the act of 1915, and that, therefore, the court committed error in overruling the defendant's demurrer.

We deem it unnecessary, therefore, in this view of the case, to consider the other questions presented by the record.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.