## Pronovich et al. v. Plains Township et al.

*Daniel J. Flood* and *James L. Brown*, for plaintiffs.

*Mitchell Jenkins* and *Herman E. Cardoni*, for defendants.

VALENTINE, P. J., May 3, 1949.—Plaintiffs sued in trespass to recover damages for injuries allegedly inflicted by individual defendants upon minor plaintiff. The complaint alleges that the two defendants, police officers of Plains Township, assaulted minor plaintiff. An effort is made to hold the township responsible for the acts of the officers, upon the contention, as asserted in the complaint, "that defendant, Plains Township,

knew or should have known that defendants, Joseph Sherin and Andrew Beganski, had, in the past, administered beatings to other prisoners".

The negligence charged against the township is in employing as policemen, individuals when it knew, or should have known, they were of (a) sadistic nature and character, and (b) in retaining such individuals in its employ when it knew, or should have known, that they had beaten up or assaulted other prisoners prior to the alleged assault upon minor plaintiff.

The preliminary objections, in the nature of a demurrer, filed on behalf of the township, assert that at the time of the alleged assault the police officers were engaged in the performance of duties of a "governmental character" and that the facts set forth in the complaint are insufficient to impose liability upon the township.

"The implied common law liability or non-liability of a municipality for the torts of its servants depends upon the character of service they were performing at the time of the injury. If they were acting for the city in its corporate or business capacity, the municipality may be held liable; but if they were performing duties of a public or governmental character, there is an immunity from municipal liability": Scibilia v. Philadelphia, 279 Pa. 549. (Syllabus.)

We are of the opinion that police officers are not agents or servants of the municipality employing them so as to render it liable for their negligence or illegal acts performed in the discharge of their duties as officers. These duties are of a public nature. The detection and arrest of law violators, and preservation of the peace, are public matters. The powers and duties of police officers are derived from the Commonwealth and not from the municipality employing them.

"It is well settled that police officers in the exercise of the police powers conferred upon the municipal cor-

poration by the Legislature are governmental agents; that their duties are of a public nature; and that . . . a municipality is not liable for injuries resulting from their tortious acts while in the performance of such duties": 38 Am. Jur. 317, §620; 19 R. C .L. 1119, sec. 399. Accordingly, it has been held that a municipality is not liable for an unjustifiable assault by a police officer making an arrest: Buttrick v. Lowell, 1 Allen (Mass.) 172; even though the assault was committed by a special officer appointed by the mayor who knew, or should have known, that his appointee was a "dangerous and violent man" with an "ungovernable temper and disposition": Craig v. Charleston, 180 Ill. 154, 54 N. E. 184; nor if the assault was committed by a notoriously incompetent officer who had been retained by the city authorities with knowledge of his incompetency: Doty v. Port Jervis, 52 N. Y. S. 57.

The wrongful arrest of a person who has committed no offense, and a brutal assault upon him, although made by a policeman who is notoriously incompetent, and who has been retained by the municipal authorities with knowledge of his incompetency, does not render the municipality liable, either for the tort of the policeman or the negligence of the municipal officials in appointing or retaining him in office, in the absence of any statute imposing such liability: McIlhenney v. Wilmington, 127 N. C. 146, 37 S. E. 187. This rule exempting municipalities from liability for the acts of police officers does not apply if at the time of the commission of the act complained of, the officer was engaged in some matter connected with the corporate affairs of the municipality, having no connection with his public duties: Twist v. Rochester, 55 N. Y. S. 850-5.

Thus liability was imposed upon a municipality where a police officer, who, in superintending the work

of prisoners in the repair and maintenance of a city street, assaulted a prisoner: Hillman v. Anniston, 214 Ala. 522, 216 Ala. 661, 108 So. 539, 114 So. 55. Officers in charge of prisoners are personally liable for unnecessary cruelties and indignities inflicted by them: Topeka v. Boutwell, 53 Kan. 20, 35 Pac. 819; Peters v. White, 103 Tenn. 390, 53 S. W. 726; Nixa v. McMullin, 198 Mo. App., 193 S. W. 596; Clark v. Kelly, 101 W. Va. 650, 133 S. E. 365; Richardson v. Capwell et al., 176 Pac. (Utah) 205.

In Hale v. Johnston, 140 Tenn. 182, 203 S. W. 949, suit for damages, resulting from the death of plaintiff's intestate, was brought against Shelby County, the City of Memphis, two of the County Commissioners of Shelby County and the foreman in charge of the county workhouse gang. Deceased was a prisoner of the City of Memphis. He was assigned to the county workhouse by virtue of a contract between the county and the city. He was allegedly assaulted by the foreman, sustaining injuries which resulted in his death. The case was dismissed as to the city and the county, but sustained as against defendant commissioners and foreman, upon the ground that defendant commissioners knew of the existence of a custom of beating and mistreating prisoners by the foreman and guards.

We express no opinion as to whether recovery might be had against the township commissioners if they knowingly employed incompetent officers, or retained the same after they had knowledge that prisoners had been mistreated by them. We think it clear, however, that the complaint sets forth no cause of action against defendant township.

Therefore, preliminary objections are sustained, and judgment entered in favor of defendant, Plains Township.